IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

EL PASO DIVISION

| | |
|---|---|
| VENACIO SANTILLAN GONZALEZ, § § Plaintiff, § § v. § § HECTOR RENTERIA and § TRANSPORTES JYR A&M INTERNACIONAL, § § Defendants. § § | Cause No. _____ **EP17CV0270** |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**COME NOW** HECTOR HUGO RENTERIA ARAMBULO (improperly named as "Hector Renteria") and TRANSPORTES JYR A&M INTERNACIONAL (SA de CV), Defendants in the above-entitled and captioned cause, and submit their Notice of Removal, and for jurisdiction respectfully show the following:

1.  These parties were named as Defendants in the case styled *Venacio Santillan Gonzalez v. Hector Renteria and Transporres JYR A&M Internacional;* Cause No. 2017-DCV1766, pending in the 243rd District Court of El Paso County, Texas (hereinafter "The State Court Action"). A true and correct copy of the docket sheet from the State Court action is attached as Exhibit A. Pursuant to 28 U.S.C § 1446(a) a true and correct copy of all process, pleadings and orders in The State Court Action are being filed with this Notice, and are attached as Exhibit B.

2.  The State Court Action arises out of truck/auto accident that occurred in El Paso County, Texas on or about September 13, 2016, although Plaintiff alleges no specific date in his petition. Plaintiff alleges that Defendant "Hector Renteria" is a resident of Ciudad, Juarez Mexico, which

0013463/00156/DVER/1318456.2

is in fact true. At the time The State Court Action was commenced Defendant Hector Hugo Renteria Arambulo was, and currently still is a citizen of the Republic of Mexico. Plaintiff alleges that Defendant Transportes JYR A&M Internacional is doing business in the State of Texas, with a business address in Ciudad, Juarez, Republic of Mexico, which is in fact true. At the time the State Court action was commenced, Defendant Transportes JYR A&M Internacional SA de CV ("JYR") was, and currently still is a foreign corporation organized and existing under the laws of the Republic of Mexico, with its principal place of business in Ciudad, Juarez, Mexico. As such, Defendant JYR was, and still is deemed to be a citizen of the Republic of Mexico. Plaintiff is alleged to be a resident of El Paso, Texas, and upon information and belief, is a citizen of the State of Texas.

3. The State Court Action commenced on May 4, 2017 with the filing of Plaintiff's Original Petition. Service of Plaintiff's Original Petition on Defendants was effected by serving Defendants' statutory agent, the Secretary of State, by certified mail on June 19, 2017. Defendants' statutory agent first mailed the petition to the country of Chile, whereupon it landed in the post office in Jamaica, New York, on July 21, 2017. There, the destination country was apparently corrected, and it subsequently landed in the post office in Chihuahua, Mexico on August 4, 2017. However, Defendants did not actually receive Plaintiff's Original Petition in the Republic of Mexico until August 9, 2017, which is the operative date for removal purposes. (*See* Exhibit "C")

4. Plaintiff's Original Petition seeks "monetary damages over "$1,000,000." In addition, the petition asserts that the Plaintiff suffered injuries, including physical pain, mental anguish, physical agony, impairment, medical expenses, loss of consortium, in the past, and continuing into the future. Plaintiff also seeks punitive damages. Under Texas law, a Plaintiff's petition is only required to contain a statement that the damages sought are within the jurisdictional limits

0013463/00156/DVER/1318456.2

of the court. Tex. R. Civ. P. 47(b). However, in cases other than Family Law cases, a Plaintiff is also required to plead a "range" of damages, which govern the discovery level of the case. *Id.* 47(b), 190.2. In this case, Plaintiff has pleaded an unspecified range in excess of $1,000,000.

5.  The sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy. 28 U.S.C. §1446(c)(2). However, if the state's practice does not permit demand for a specific sum, or permits the recovery of damages in excess of the amount demanded, then a Notice of Removal may assert the amount in controversy. *Id.* §1446(c)(2)(A)(ii). In addition, Texas District Courts have adopted a "facially apparent" standard to determine whether a case is removable when the initial pleading does not specify the amount in controversy, or in some cases even when it affirmatively specifies an amount *below* the federal jurisdictional limit. *See Salomon v. Wells Fargo Bank, N.A.*, 2010 WL 2545593 at *3-7 (W.D. Tex., June 21, 2010); *Gutierrez v. Swift Transportation Co., Inc.*, 2011 WL 318294 at *2-4 (W.D. Tex. January 8, 2011). A defendant may show that the amount in controversy exceeds the federal limit by either (1) demonstrating that it is "facially apparent" from a petition that the claim likely exceeds $75,000.00, or (2) by setting forth the facts, preferably in the removal petition, that support a finding of the requisite amount. *Gutierrez* 2011 WL 318924 at *2; *see also Grant v. Chevron Philips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002). When a complaint fails to specify the numerical value of damages, the court examines the nature of the injuries and damages alleged. *See Carmardelli v. Wal-Mart Stores, Inc.*, 545 F. Supp. 2d, 595 (W.D. Tex. 2008). Although decided in the context of an employment discrimination claim, the Fifth Circuit has held that an extensive list of damages, even without numerical specification, can meet the threshold for "facially apparent," which appears to be the rule followed by the Western District. *White v. FCI USA, Inc.*, 319 F.3d, 672, 674-76 (5th Cir. 2003); *Salomon*, 2010 WL 2545593 at *5; *Gutierrez*, 2011 WL 318294 at *4-5. That being said, a Plaintiff must make all information known at the

0013463/00156/DVER/1318456.2

time he files his complaint, and if it is facially apparent from the pleading that the requisite amount in controversy exists, then no post-removal affidavits, stipulations or amendments will deprive the District Court of jurisdiction. *Gutierrez,* 2011 WL 318294 at *5. In this case, Plaintiff has asserted an extensive list of damages, both in the past and continuing in the future. Plaintiff has pleaded the case as being worth more than $1,000,000.00. As such, based on the amount of damages and injuries alleged, and the extensive complaints set forth in the Plaintiff's Original Petition, it appears to be facially apparent that the amount in controversy is in excess of $75,000.00.

6. This Honorable Court has original jurisdiction over this case pursuant to 28 U.S.C. §1332(a)(1), since there is complete diversity of citizenship between the parties, and assuming that Plaintiff demanded the sum in his Original Petition in good faith, then at least $1,000,000 should be deemed to be the amount in controversy pursuant to 28 U.S.C. § 1446(c)(2).

7. This Notice is timely filed pursuant to 28 U.S.C. §1446 (b), since it was filed within thirty (30) days of the receipt of Plaintiff's Original Petition from which it could first be ascertained that the case was removable, and less than one (1) year after commencement of The State Court Action. The deadline for removal is not calculated from the date of service on Defendant's statutory agent, but instead from the date of the Defendant's actual receipt of the petition. *Renaissance Marketing, Inc. v. Monitronics Int'l, Inc.,* 606 F. Supp. 2d 201, 206-07 (D. Puerto Rico, 2009), *Barrackman v. Banister,* 2007 WL 189378 at *1-2 (S.D. Tex. 2007), *Lilly v. CSX Transp., Inc.,* 186 F. Supp 2d 672, 673 (S.D. W.Va 2002).

8. Venue of this removed action is proper in this Honorable Court pursuant to 28 U.S.C. §1441(a) as the District and Division where The State Court Action is pending.

9. Pursuant to 28. U.S.C. §1446(d), Defendants will promptly give all parties written notification of the filing of this Notice, and will also promptly file a copy with the District Clerk of El Paso County, Texas where The State Court Action is currently pending.

**WHEREFORE, PREMISES CONSIDERED,** Defendants respectfully pray that pursuant to the above-referenced authorities that The State Court Action be removed, that this Honorable Court exercise its original jurisdiction over The State Court Action, and that Defendants be granted such other and further relief, general or special, legal or equitable, to which they may be justly entitled.

Respectfully submitted,

**MOUNCE, GREEN, MYERS SAFI, PAXSON & GALATZAN, P.C.**
P.O. Drawer 1977
El Paso, Texas 79950
Phone: (915) 532-2000
Fax: (915) 541-1597
E-Mail: vereen@mgmsg.com

By: _____
Darryl S. Vereen
State Bar No. 00785148

Attorneys for Defendants

### CERTIFICATE OF SERVICE

I, **Darryl S. Vereen**, hereby certify that on this 24 day of August, 2017, I served a copy of the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notice of such filing to the following attorneys of record: Victor J. Bieganowski, Esq., victorbieganowski@omhtlaw.com, victorbieganowski@ellisandortega.com and Randolph J. Ortega, Esq., randyortega@ellisandortega.com, 609 Myrtle Avenue, Suite 100, El Paso, Texas, 79901..

_____
**Darryl S. Vereen**