El Paso County - 243rd District Court

Filed 5/24/2017 2:01:56 PM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV1766

| | |
|---|---|
| VENACIO SANTILLAN GONZALEZ | § |
| | § |
| **Plaintiff,** | § |
| | § |
| VS. | § |
| | § |
| HECTOR RENTERIA and | § |
| TRANSPORTES JYR A&M | § |
| INTERNACIONAL | § |
| | § |
| **Defendants.** | § |
| | § |

CAUSE NO. 2017-_____

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION, INTERROGATORIES AND ADMISSIONS TO DEFENDANT TRANSPORTES JYR A&M INTERNACIONAL

TO: Defendant TRANSPORTES JYR A&M INTERNACIONAL

COMES NOW Plaintiff VENACIO SANTILLAN GONZALEZ and propounds

Plaintiff's First Set of First Request for Production, Interrogatories and Admissions to Defendant

TRANSPORTES JYR A&M INTERNACIONAL pursuant to the Texas Rules of Civil

Procedure to be answered by Defendant within fifty (50) days of the date of service.

Respectfully submitted,

VICTOR J. BIEGANOWSKI, P.C.

Victor J. Bieganowski
State Bar No. 02301100
Email: victorbieganowski@ellisandortega.com
609 Myrtle Ave. ,Suite100
El Paso, Texas 79901
Tel. (915) 542-1883
Fax. (915) 542-3500
Attorney for Plaintiff

RANDOLPH J. ORTEGA
Attorneys for Plaintiff
State Bar No. 00795570
609 Myrtle Avenue, Suite 100
El Paso, Texas  79901
(915) 542-1883
(915) 542-3500 (Facsimile)
randyortega@ellisandortega.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served to

Defendant Transportes JYR A&M Internacional along with Plaintiffs' Original Petition.

Victor J. Bieganowski

## INTERROGATORIES

Plaintiff, pursuant to TRCP 197, serves the attached Interrogatories to be propounded to Defendant TRANSPORTES JYR A&M INTERNACIONAL. These questions are being served upon you, the Defendant, TRANSPORTES JYR A&M INTERNACIONAL, and you are notified that Plaintiff specifies that the answers shall be served fifty (50) days after service of this request. These interrogatories shall be answered separately and fully in writing under oath and signed by the person making them.

## INSTRUCTIONS

1. The Interrogatories are to be answered separately and fully in writing, be signed under oath, and delivered to the Plaintiff's counsel within fifty (50) days after service hereof. The answers shall be preceded by the question or interrogatory to which the answer pertains.

2. These Interrogatories seek answers current to the date of response. Pursuant to the Rules, you are under a duty to supplement your answers, and these Interrogatories shall be deemed continuing in nature to require such supplementation of all additional information as may hereafter be obtained by you, or by any person on your behalf, between the time answers are served and the time of trial.

3. If any answer is refused in whole or in part on the basis of a claim of privilege or exemption, state the following: (a) the nature of the privilege/exemption claimed; (b) the general nature of the matter withheld (e.g., substance of conversation of the withheld information, name of originator); (c) name(s) of person(s) to whom the information has been imparted; and (d) the extent, if any, to which the information will be provided subject to the privilege/exemption.

## DEFINITIONS

1. "You," and "Your," and "Defendant" mean Defendant TRANSPORTES JYR A&M INTERNACIONAL, as captioned in Plaintiffs' Original Petition, and all other person or entities acting on your behalf and all employees who work on your behalf in the course and scope of your employment and in furtherance of your business. "You" also includes any agent that acts on your behalf.
2. "Lawsuit" and "case" refer to this lawsuit filed in the District Court of El Paso County, Texas.
3. "Person" and "witness" means the plural as well as the singular and includes: natural persons, governmental agencies, municipalities, departments, units, or any subdivisions,

corporations, firms, associations, partnerships, joint ventures, or any other form of business entity.

4. The terms "and" and "or" as used herein are to be interpreted both disjunctively and conjunctively.

5. "Document" and "documents" as used herein shall mean the original and each non-identical copy (whether different from the original because of marginal notes, or other material inserted therein, or attached thereto or otherwise) written or graphic matter, however produced or reproduced, whether sent or received, or neither, including drafts and both sides thereof, and including, but not limited to, printed, typewritten, emails and computer printed or written matter, and mechanical, magnetic and electronic recordings and shall include, without limitation, letters, telegrams, cablegrams, telex messages, TWX messages, correspondence, notations, work papers, transcripts, corporate books or minutes, reports, memoranda studies, summaries, agendas, bulletins, records of telephone or other conversations, or of interviews, conferences or other meetings, maps, charts, plans, specifications, diagrams, photographs, affidavits, statements, statistical diagrams, records, lists, tabulations, memoranda, notes, diaries, calendars, calendar, pads, newspaper clippings, appointment books or records, reports, worksheets, printed business forms, expense account reports or records, contracts, agreements, accounting records (including loan history), promissory notes, security agreements, pledge agreements, guaranties, loan agreements, credit reports, loan applications, financial statements, loan memoranda, private placement memoranda, bank statements, certificates of deposit, letters of credit, bids, quotations, proposals, bills, invoices, statements and other books, records, papers, copies, and drafts and proposed forms of any of such items or matters, or tapes, disks, sound records, computer printouts, data processing input and output, microfilm, microfiche, all other records kept by electronic, photographic, or mechanical means, and items similar to all of the foregoing which were prepared by you or for you, or which are in or subject to your possession, custody, or control. The term "document" shall also include all "writings and recordings" as defined by Rule 1001 of the Texas Rules of Civil Evidence. If any tape, disk, card, wire, or other electronic or mechanical recording or transcript or any computer program is produced, you shall also produce such documents as are necessary for decoding, playing back, printing out, and/or interpretation thereof, and any other documents which are necessary to convert such information into a useful and usable format. If you can demonstrate that the original is unavailable, the terms "document" and "documents" shall also include a copy of the original.

6. "Identify," as used herein with respect to a person, means to provide the name, address, and telephone number of such person.

7. "Identify," as used herein with respect to a document, means to state with respect to such document sufficient detail to permit another party to this lawsuit to locate and identify as readily as can you, such document. Such information and detail might include for each document: (i) the name of the person who prepared it, (ii) the name of the person who signed it, or over whose name it was issued, (iii) the name of each person to whom it was addressed and/or sent or distributed, (iv) the general type of such documents (e.g., letter, memorandum, contract, etc.), (v) the date of such document, or if it bears no date, the date on or about which it was made or prepared, (vi) the physical location of such document, and (vii) the name and address of the persons having possession, custody, or control of such document. In lieu of providing such information and detail, you may

attach such document to your answer to these Interrogatories and indicate for which Interrogatory each document is applicable.

8. "Plaintiff" means the Plaintiff captioned and identified in Plaintiffs' Original Petition filed in this matter.

9. "Negligence" means failure to use ordinary care; that is, failure to do that which a person of ordinary prudence would have done under the same or similar circumstances, or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

10. "Ordinary Care" means that degree of care, which would be used by a person of ordinary prudence under the same or similar circumstance.

11. "Proximate Cause" means a cause that was substantial factor in bringing about an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using *ordinary care* would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

12. The "collision," "collision in question," or "incident in question" refers to the vehicle accident more specifically described in Plaintiffs' Petition involving Defendant HECTOR RENTERIA and Plaintiff VENACIO SANTILLAN GONZALEZ that occurred on or about September 13, 2016, on Interstate 10 in El Paso County, Texas.

## INTERROGATORIES

**INTERROGATORY NO. 1:** If you contend that Plaintiff has sued the wrong party or that your name is incorrectly stated in this lawsuit, please explain the basis for your contention and identify the correct legal entity for the correct party in interest to this suit.

**ANSWER:**

**INTERROGATORY NO. 2:** Identify the following people: (a) The Safety Director/Chief Safety Officer or any person(s) of similar title(s) for TRANSPORTES JYR A&M INTERNACIONAL on the date of the collision in question and now; (b) The person(s) primarily responsible for compliance with state and federal safety regulations at TRANSPORTES JYR A&M INTERNACIONAL on the date of the collision in question and now; (c) The person(s) responsible for training HECTOR RENTERIA; and (d) HECTOR RENTERIA's supervisor and manager on the date of the collision in question.

**ANSWER:**

**INTERROGATORY NO. 3:** For each claim (formal or informal) and lawsuit wherein it is/was suggested or alleged that any person was injured or killed as a result of HECTOR RENTERIA's drivers actions in the past three years, including but not limited any lawsuit filed in any other court arising from the incident involved in this lawsuit, provide the style of the case (or name of parties, jurisdiction attorneys with contact information and case number), and describe briefly the circumstances of each suit/claim and the disposition.

**ANSWER:**

**INTERROGATORY NO. 4:** Identify and explain each communication of any kind between any federal and/or state agency and TRANSPORTES JYR A&M INTERNACIONAL that involved compliance (or noncompliance) with state and/or federal laws and/or regulations in the past 5 years. This would include, but is not limited to, all letters, interventions, complaints, warnings, citations, and safety ratings.

**ANSWER:**

**INTERROGATORY NO. 5:** With respect to the <u>tractor</u> operated by HECTOR RENTERIA at the time of the collision in question, provide the following information:

    (a)    Identify the registered owner, lessor (if any) and lessee (if any) on the date of the collision in question and presently.

    (b)    Provide the mileage and gross weight at the time of the collision in question;

    (c)    For the engine, identify the manufacturer, year, model and identification number;

    (d)    Identify all systems and devices in/on the tractor that have the capability of recording and or transmitting any data about the operation of the tractor (including without limitation Engine Control Module, Event Data Recorder, Airbag Control Module, Brake Control Module, Electronic On-Board Recorder, VORAD, etc.), state whether or not that data has been preserved and/or downloaded, and if so, when and by whom.

    (e)    Identify all systems and devices of any kind in or on the tractor that allowed for communication between the driver and any other person or entity, state whether the data for the time period surrounding the collision in question has been preserved, and identify the person who has custody of the data and of the system from which the data was acquired.

    (f)    Identify all systems and devices of any kind in or on the tractor that has the capability to monitor, record, and/or transmit data (this includes, but is not limited to, Qualcomm, TransCore, SkyBitz, Fluensee, Fleetilla, Teletrac, Lat-Lon, Telogis, GeoLogic, Cheetah, Xata, PeopleNet or similar system; any collision or lane departure warning system; any driver safety monitoring or hours of service monitoring system; any transponders or tachographs; any onboard cameras or video devices; any bar code or toll pass systems; and any other tracking system, logging unit, trip monitor, trip recorder, GPS system, satellite systems, or cellular systems), state whether the data for the time period surrounding the collision in question has been preserved, and identify the person who has custody of the data and of the system from which the data was acquired.

    (g)    Identify all maintenance and repairs performed for the time period from 12 months before the collision in question to present.

**ANSWER:**

**INTERROGATORY NO. 6:** With respect to the <u>trailer</u> operated by HECTOR RENTERIA at the time of the collision in question, provide the following information:

(a)     Identify the registered owner, lessor (if any) and lessee (if any) on the date of the collision in question and presently.

(b)     Provide the mileage and gross weight at the time of the collision in question;

(c)     Identify all systems and devices in/on the trailer that have the capability of recording any data about the operation of the trailer (including without limitation ABS control module, etc.), state whether or not that data has been preserved and/or downloaded, and if so, when and by whom.

(d)     Identify all systems and devices of any kind in or on the trailer that has the capability to monitor, record, and/or transmit data (this includes, but is not limited to, any transponders or tachographs; any bar code systems; and any other tracking system, logging unit, GPS system, satellite systems, or cellular systems), state whether the data for the time period surrounding the collision in question has been preserved, and identify the person who has custody of the data and of the system from which the data was acquired.

(e)     Identify all maintenance and repairs performed for the time period from 12 months before the collision in question to present.

**ANSWER:**

**INTERROGATORY NO. 7:** With respect to the trip that HECTOR RENTERIA was on at the time of the collision in question, provide the following information:

(a)     Identify all shippers and brokers involved in the load at the time of the collision in question. If empty at the time of the collision in question and in route to pick up a load, identify same with regards to that load;

(b)     Identify where and when (date and time) HECTOR RENTERIA picked up the load HECTOR RENTERIA had at the time of the collision in question. If empty at the time of the collision in question, state such and identify where and when HECTOR RENTERIA delivered the last load and/or left the last dispatched location, the nature of the trip at the time of the collision in question, and HECTOR RENTERIA's next planned destination at the time of the collision in question. If in route to pick up a load at the time of the collision in question, identify where and when you instructed HECTOR RENTERIA to deliver that load;

(c)     Identify where (name and address of location) and when (date and time) the load HECTOR RENTERIA had at the time of the collision in question was instructed to be delivered. If empty at the time of the collision in question, identify when HECTOR RENTERIA was instructed to arrive at the next planned destination as identified in the preceding;

(d)     Identify the location, time, duration and reason for each stop HECTOR RENTERIA made from the time HECTOR RENTERIA picked up the load and/or left the last dispatched location until the time of the collision in question; and

(e)     Identify the route HECTOR RENTERIA intended to follow from the point of origin to the point of destination.

**ANSWER:**

**INTERROGATORY NO. 8:** With respect to HECTOR RENTERIA's Hours of Service (HOS) in the eight (8) days leading up to the date of the collision in question, provide the following information:

    (a)    Identify all errors on HECTOR RENTERIA's logs/record of duty status of which you are aware;

    (b)    Identify all HOS violations of which you are aware;

    (c)    Explain what you have done, if anything, to audit or verify the accuracy of HECTOR RENTERIA's logs/record of duty status and identify all persons involved in the process; and,

    (d)    Identify all documents and data of any kind that you used to audit or verify the accuracy of HECTOR RENTERIA's logs/record of duty status.

**ANSWER:**

**INTERROGATORY NO. 9:** For the 72 hours leading up to the collision in question, provide the following information regarding HECTOR RENTERIA:

    (a)    Identify all driving hours

    (b)    Identify all on-duty not driving hours (location and activities)

    (c)    Identify all stops (time and location) and the reason for them;

    (d)    Identify when and where meals were eaten

    (e)    Identify when and where HECTOR RENTERIA slept

    (e)    Identify when and where and in what dosages all medications (prescription and over the counter) were ingested.

**ANSWER:**

**INTERROGATORY NO. 10:** Did HECTOR RENTERIA have any health issues that affected or could have affected his ability to drive in any way in the 72 hours leading up to the collision in question? If so, explain.

**ANSWER:**

**INTERROGATORY NO. 11:** If TRANSPORTES JYR A&M INTERNACIONAL performs hours of service log audits on its drivers,

    (a)    Explain what is entailed in the auditing process;

    (b)    Identify all documents and data used in the process;

    (c)    Identify who performs the audits (in-house or outsourced);

    (d)    Identify when, if ever, HECTOR RENTERIA's logs/record of duty status were audited; and

    (e)    Identify all Hours of Service violations of which you are aware for HECTOR RENTERIA while he was working with your company.

**ANSWER:**

**INTERROGATORY NO. 12:** Has TRANSPORTES JYR A&M INTERNACIONAL ever been subject to a remedial directive to install, use and maintain EOBRs?

**ANSWER:**

**INTERROGATORY NO. 13:** With Respect to HECTOR RENTERIA, provide the following information:

    (a)    Explain the relationship between TRANSPORTES JYR A&M INTERNACIONAL and HECTOR RENTERIA at the time of the collision in question (e.g., leased driver, company driver, etc.);

    (b)    Explain how HECTOR RENTERIA was paid for driving (by hour, by load, by mile, salary or other);

    (c)    Explain all steps TRANSPORTES JYR A&M INTERNACIONAL undertook to qualify HECTOR RENTERIA in accord with the Federal Motor Carrier Safety Regulations;

    (d)    Identify when TRANSPORTES JYR A&M INTERNACIONAL's relationship with HECTOR RENTERIA began and ended.

**ANSWER:**

**INTERROGATORY NO. 14:** Was HECTOR RENTERIA acting within the course and scope of his employment or agency at the time of the collision in question? If not, explain the basis for your contention and identify documents and witnesses that support your contention.

**ANSWER:**

**INTERROGATORY NO. 15:** Identify and describe all formal and informal disciplinary and/or counseling actions undertaken by TRANSPORTES JYR A&M INTERNACIONAL regarding HECTOR RENTERIA at any time.

**ANSWER:**

**INTERROGATORY NO. 16:** Describe in detail all training and education (including on the job training) provided by or on behalf of TRANSPORTES JYR A&M INTERNACIONAL to HECTOR RENTERIA at any time and in any way related to the operation of a commercial motor vehicle.

**ANSWER:**

**INTERROGATORY NO. 17:** Identify all traffic violations committed by HECTOR RENTERIA, either while your employee or in previous employment.

**ANSWER:**

**INTERROGATORY NO. 18:** If HECTOR RENTERIA has ever been arrested or charged with any crime to your knowledge, for each arrest or charge identify the charge, date, jurisdiction and disposition.

**ANSWER:**

**INTERROGATORY NO. 19:** For each motor vehicle collision/accident involving HECTOR RENTERIA of which you are aware, provide the collision/accident date, location, jurisdiction, names of other parties involved and a brief description of what happened.

**ANSWER:**

**INTERROGATORY NO. 20:** If HECTOR RENTERIA had ever been disqualified, either in accordance with 49 C.F.R. 391.15, 383.51, and/or 383.52 or due to non-compliance with company standards/guidelines or any other circumstance from driving a commercial motor vehicle while in your employ, please describe when and under what circumstances.

**ANSWER:**

**INTERROGATORY NO. 21:** Identify and explain all communications of any kind between HECTOR RENTERIA and anyone acting for or on behalf of TRANSPORTES JYR A&M INTERNACIONAL during the twenty-four (24) hours <u>before</u> and <u>after</u> the collision in question. For each communication, identify the method of communication (cell phone, QualComm, other), time of communication, persons involved, and the general subject.

**INTERROGATORY NO. 22:** If you maintain that the Federal Motor Carrier Safety Regulations did not apply to HECTOR RENTERIA at the time of the collision in question, explain the basis for your contention and identify all facts, witnesses, and documents that support your contention.

**ANSWER:**

**INTERROGATORY NO. 23:** Identify all TRANSPORTES JYR A&M INTERNACIONAL policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions that were in effect for HECTOR RENTERIA at the time of the collision in question.

**ANSWER:**

**INTERROGATORY NO. 24:** Describe in detail when and how you first became aware that HECTOR RENTERIA was involved in the collision in question. Please include the identification of all persons involved and what information was conveyed.

**ANSWER:**

**INTERROGATORY NO. 25:** Explain your understanding of how and why the collision in question occurred.

**ANSWER:**

**INTERROGATORY NO. 26:** Identify all persons who to your knowledge were present at the scene of the collision in question at any time in the 48 hours after the collision and explain their role, why they were at the scene and what actions they took.

**ANSWER:**

**INTERROGATORY NO. 27:** Identify each person (name and employer) who has been involved in the investigation of the collision in question.  For each person identified, describe their role and involvement in the investigation.

**ANSWER:**

**INTERROGATORY NO. 28:** Identify all person(s) who you to your knowledge have or may have any relevant information regarding: the collision in question; the facts leading up to the collision in question; the investigation of the collision in question; any party to this action; any vehicles involved in the collision in question; and/or any claims or defenses raised in this action. The purpose of this Interrogatory is to identify all witnesses whom TRANSPORTES JYR A&M INTERNACIONAL believes may have relevant testimony of any kind in connection with this case.

**ANSWER:**

**INTERROGATORY NO. 29:** Identify all persons who to your knowledge have given a statement **in any form** (written, oral, recorded or otherwise) in connection with this case.  For each person identified, provide the date and time of the statement, identify to whom the statement was made and who was present when the statement was made, identify whether the statement was written, oral, recorded, and/or transcribed, and identify all persons presently having custody of the statement.

**ANSWER:**

**INTERROGATORY NO. 30:** Identify and explain all interaction and communication between anyone working for or on behalf of TRANSPORTES JYR A&M INTERNACIONAL and any federal and/or state law enforcement personnel/agency regarding the collision in question. Please include the identification of all persons involved and what information was conveyed.

**ANSWER:**

**INTERROGATORY NO. 31:** Identify and explain all interaction and communication between anyone working for or on behalf of TRANSPORTES JYR A&M INTERNACIONAL and anyone employed with or acting on behalf of any other Defendant named in this action in connection with the collision in question.

**ANSWER:**

**INTERROGATORY NO. 32:** Please state whether any drug and/or alcohol tests (blood, urine or otherwise) performed on HECTOR RENTERIA after the collision in question occurred. If so, please state the time at which the test was administered, the name, address and phone number of the persons, firms, or entities who administered said test(s) and all such persons, firms, or entities in possession of a copy of the results of said test(s).

**ANSWER:**

**INTERROGATORY NO. 33:** As to any tests, inspections, measurements and/or investigations performed by or on behalf of TRANSPORTES JYR A&M INTERNACIONAL, or of which you are at all aware regarding in any way the collision in question and/or any other matter raised in this case, identify all person(s) who ordered and/or who participated in performing each and describe in detail the subject(s), purpose(s), methodologies and conclusions of each.

**ANSWER:**

**INTERROGATORY NO. 34:** Identify all photographs, motion pictures, maps, plats, drawings, diagrams, videotapes, or other tangible or documentary evidence depicting the scene of the collision in question and/or any person or vehicle involved in the collision in question.

**ANSWER:**

**INTERROGATORY NO. 35:** If you maintain that any non-party has any responsibility of any kind for causing the collision in question, and/or for causing any of the damages alleged in the Complaint, identify each such person and or entity, describe in detail the basis for their responsibility and identify all person(s) who have any knowledge regarding this issue.

**ANSWER:**

**INTERROGATORY NO. 36:** If you maintain that VENACIO SANTILLAN GONZALEZ has any responsibility of any kind for causing the collision in question, and/or for causing any of the damages alleged in the Plaintiff's Complaint, describe in detail the basis for this responsibility and identify all person(s) who have any knowledge regarding this issue.

**ANSWER:**

**INTERROGATORY NO. 37:** If TRANSPORTES JYR A&M INTERNACIONAL has performed any review (e.g., accident review board, preventability determination) of the collision in question to determine preventability and/or fault, identify all persons involved in the review, the dates of the review and the conclusions that were reached.

**ANSWER:**

**INTERROGATORY NO. 38:** Identify each person TRANSPORTES JYR A&M INTERNACIONAL expects to call as an expert witness at trial and for each expert identified:
    (a)       Summarize each opinion the expert holds in regards to this case;

(b)    Identify the factual basis for each such opinion;
(c)    Identify all documents and evidence of any kind provided to the expert for review; and
(d)    Identify all documents and evidence of any kind that support each opinion.

**ANSWER:**

**INTERROGATORY NO. 39:** For each of Plaintiff's First Request for Admissions to TRANSPORTES JYR A&M INTERNACIONAL that you did not admit without qualification, explain in detail the reason for your refusal to admit and identify all persons and documents that support your response.

**ANSWER:**

**INTERROGATORY NO. 40:** For each insurance policy of any kind that does or may provide any coverage on behalf of any Defendant (whether it is your policy or anyone else's policy) for damages/injuries alleged in this case, provide: name of insurer; policy number; limits of coverage; the name(s) of all insureds; and state whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject case.

**ANSWER:**

**INTERROGATORY NO. 41:** If anyone working for or on behalf of TRANSPORTES JYR A&M INTERNACIONAL has engaged in any surveillance of Plaintiff or anyone associated with Plaintiff, identify who performed the surveillance, the dates of the surveillance, and what documents and things were generated as a result of the surveillance.

**ANSWER:**

**INTERROGATORY NO. 42:** A list of any and all places of offices, business and/or storage lots of your company with their contact information.

**ANSWER:**

**INTERROGATORY NO. 43:** Explain what business your 18 wheeler was involved in at the time of this incident.

**ANSWER:**

## REQUEST FOR ADMISSIONS

Pursuant to Rule 198 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff serves the following Request for Admissions to Defendant TRANSPORTES JYR A&M INTERNACIONAL Defendant is requested to respond fully, in writing, and in accordance with Rule 198 of the TEXAS RULES OF CIVIL PROCEDURE. The admissions requested are to be responded to fifty (50) days after service of this request. The failure to answer within the prescribed period may result in the Admissions being deemed admitted by the aforementioned Court. If you fail to admit a matter upon which Plaintiff later has to prove at his expense, you may have to pay for the costs of such proof if you do not have good cause for admitting the request when such request was served.

**ADMISSION NO. 1:**  Admit you have been properly named in Plaintiffs' petition.

**ANSWER:**

**ADMISSION NO. 2:**  Admit you are a proper party.

**ANSWER:**

**ADMISSION NO. 3:**  Admit the Court has subject matter and personal jurisdiction over you.

**ANSWER:**

**ADMISSION NO. 4:**  Admit venue is proper in El Paso County, Texas.

**ANSWER:**
**ADMISSION NO. 5:**  Admit you were properly served with process.

**ANSWER:**

**ADMISSION NO. 6:**  Admit all allegations in Plaintiffs' petition are factually correct.

**ANSWER:**

**ADMISSION NO. 7:**  Admit that the DOT number for TRANSPORTES JYR A&M INTERNACIONAL is 555723Z.

**ANSWER:**

**ADMISSION NO. 8:**   Admit that VENACIO SANTILLAN GONZALEZ is a member of the public.

**ANSWER:**

**ADMISSION NO. 9:**   Admit that TRANSPORTES JYR A&M INTERNACIONAL was involved in intrastate transport at the time of the collision in question.

**ANSWER:**

**ADMISSION NO. 10:**   Admit that TRANSPORTES JYR A&M INTERNACIONAL was involved in interstate transport at the time of the collision in question.

**ANSWER:**

**ADMISSION NO. 11:**   Admit that TRANSPORTES JYR A&M INTERNACIONAL was a motor carrier as defined by the Federal Motor Carrier Safety Regulations at the time of the collision in question.

**ANSWER:**

**ADMISSION NO. 12:**   Admit that on September 13, 2016, TRANSPORTES JYR A&M INTERNACIONAL was the owner of a tractor involved in the collision in question.

**ANSWER:**

**ADMISSION NO. 13:**   Admit that on September 13, 2016, TRANSPORTES JYR A&M INTERNACIONAL was the owner of a trailer involved in the collision in question.

**ANSWER:**

**ADMISSION NO. 14:**   Admit that the tractor, VIN 1FUJA3CGX1L657427, was involved in the collision in question.

**ANSWER:**

**ADMISSION NO. 16:**   Admit that on September 13, 2016, HECTOR RENTERIA was an agent of TRANSPORTES JYR A&M INTERNACIONAL.

**ANSWER:**

**ADMISSION NO. 17:**   Admit that on September 13, 2016, HECTOR RENTERIA was an employee of TRANSPORTES JYR A&M INTERNACIONAL.

**ANSWER:**

**ADMISSION NO. 18:**   Admit that at the time of the collision in question, HECTOR RENTERIA was acting within the course and scope of his employment or agency with TRANSPORTES JYR A&M INTERNACIONAL.

**ANSWER:**

**ADMISSION NO. 19:**   Admit that on September 13, 2016, HECTOR RENTERIA was operating the tractor-trailer with the permission of TRANSPORTES JYR A&M INTERNACIONAL.

**ANSWER:**

**ADMISSION NO. 20:**   Admit that on September 13, 2016, HECTOR RENTERIA was operating the tractor-trailer with the knowledge of TRANSPORTES JYR A&M INTERNACIONAL.

**ANSWER:**

**ADMISSION NO. 21:**   Admit that on September 13, 2016, HECTOR RENTERIA was operating the tractor-trailer as trained by TRANSPORTES JYR A&M INTERNACIONAL.

**ANSWER:**

**ADMISSION NO. 22:**   Admit that on September 13, 2016, HECTOR RENTERIA was not operating the tractor-trailer as trained by TRANSPORTES JYR A&M INTERNACIONAL.

**ANSWER:**

**ADMISSION NO. 23:**   Admit that no act of VENACIO SANTILLAN GONZALEZ contributed to the collision in question.

**ANSWER:**

**ADMISSION NO. 24:**   Admit that there was no failure to act by VENACIO SANTILLAN GONZALEZ which contributed to the collision in question.

**ANSWER:**

**ADMISSION NO. 25:**   Admit that HECTOR RENTERIA is fully responsible for causing the collision in question.

**ANSWER:**

**ADMISSION NO. 26:**  Admit that HECTOR RENTERIA was a professional driver on the date and time of the collision in question.

**ANSWER:**

**ADMISSION NO. 27:**  Admit VENACIO SANTILLAN GONZALEZ was not contributorily negligent.

**ANSWER:**

**ADMISSION NO. 28:**  Admit that the person answering these questions has authority from TRANSPORTES JYR A&M INTERNACIONAL to do so.

**ANSWER:**

## REQUEST FOR PRODUCTION

Pursuant to Rule 196 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff serves the following Requests for Production of Documents on Defendant TRANSPORTES JYR A&M INTERNCAIONAL. Defendant is requested to respond fully, in writing, and in accordance with TRCP 196. The documents requested are to be produced to Plaintiffs' counsel within fifty (50) days after service of this request. You are further advised that you are under a duty to reasonably supplement your answer.

**NOTE:   For each separately numbered requests below please delineate each set of documents so that it can be easily ascertained which documents relate to which numbered request.**

**REQUEST NO. 1:**   A copy of each document utilized by you in any way in responding to Plaintiff's First Interrogatories to TRANSPORTES JYR A&M INTERNACIONAL.

**RESPONSE:**

**REQUEST NO. 2:**   A copy of each document retention policy in effect for TRANSPORTES JYR A&M INTERNACIONAL at any time between the time of the collision in question and present.

**RESPONSE:**

**REQUEST NO. 3:**   A copy of each insurance policy (and declarations page for each policy) that provides or may provide coverage for damages sustained in the collision in question.

**RESPONSE:**

**REQUEST NO. 4:**   Copies of all reservation of rights letters and/or agreements regarding insurance coverage for the collision in question.

**RESPONSE:**

**REQUEST NO. 5:**   All documents setting forth the relationship between HECTOR RENTERIA and TRANSPORTES JYR A&M INTERNACIONAL.  This includes, but is not limited to all leases, employment contracts, and independent contractor agreements and other contracts, agreements, termination letters, intent to hire/promise of employment, job descriptions, company hiring guidelines, requirements and standards, and company retention guidelines, requirements, standards, memorandum and the like.

**RESPONSE:**

**REQUEST NO. 6:**   The contents of HECTOR RENTERIA's driver qualification file, driver investigation file, driver history file and all documents that demonstrate compliance with federal and state driver qualification laws and regulations.  The requested documents include, but are not limited to all documents required by FMCSR, 49 CFR Part 391, and the state equivalent thereto. If any responsive documents have been removed from the driver qualification file, these should be produced nonetheless.

**RESPONSE:**

**REQUEST NO. 7:**   All documents of any kind that relate to any pre-employment background investigation of HECTOR RENTERIA, including without limitation any investigation of HECTOR RENTERIA's qualifications, character, driving history, training, criminal history, drug use, financial responsibility, medical conditions, health conditions, and/or any other matter relevant to employment with TRANSPORTES JYR A&M INTERNACIONAL. This specifically includes all data and information obtained through FMCSA's Pre-Employment Screening Program.

**RESPONSE:**

**REQUEST NO. 8:**   All documents that relate in any way to your recruiting of HECTOR RENTERIA.

**RESPONSE:**

**REQUEST NO. 9:**   All documents that relate in any way to you hiring HECTOR RENTERIA.

**RESPONSE:**

**REQUEST NO. 10:**   All documents that relate in any way to any orientation provided by TRANSPORTES JYR A&M INTERNACIONAL to HECTOR RENTERIA.

**RESPONSE:**

**REQUEST NO. 11:**   All documents that relate in any way to training of HECTOR RENTERIA. This includes but is not limited to all documents that show all training received by HECTOR RENTERIA; when, where and who provided the training and all materials used for training.

**RESPONSE:**

**REQUEST NO. 12:**   All quizzes, tests and/or other assessments (questions and answers) ever given by or on behalf of TRANSPORTES JYR A&M INTERNACIONAL to HECTOR RENTERIA at any time.  An answer key should also be provided.

**RESPONSE:**

**REQUEST NO. 13:**  Copies of all documents (a) explaining how HECTOR RENTERIA was compensated for the one month leading up to and including the date of the collision in question and extending one week after the date of the collision in question; and (b) showing any detention of wages over the same time period.

**RESPONSE:**

**REQUEST NO. 14:**  A copy of the front and back of every driver's license issued to HECTOR RENTERIA (regardless of name used) in your possession, custody and/or control.

**RESPONSE:**

**REQUEST NO. 15:**  All documents placing you on notice of any violation by HECTOR RENTERIA of any law, ordinance or regulation.  This includes, but is not limited to, reports of violations pursuant to Section 391.27(a) and/or 383.31 of the Federal Motor Carrier Safety Regulations, as well as copies of citations, warnings and inspection reports.

**RESPONSE:**

**REQUEST NO. 16:**  All documents relating to any and all blood, urine, hair or other type of drug or alcohol testing of HECTOR RENTERIA in your possession, custody and/or control.

**RESPONSE:**

**REQUEST NO. 17:**  A copy of all documents relating to any violation of any safety rule or principle by HECTOR RENTERIA at any time.

**RESPONSE:**

**REQUEST NO. 18:**  All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of TRANSPORTES JYR A&M INTERNACIONAL directed to HECTOR RENTERIA for the purpose of teaching, training, re-training, counseling, disciplining, correcting or otherwise managing HECTOR RENTERIA in any way relating to the safe operation of a commercial vehicle.  This includes but is not limited to all disciplinary actions and the contents of all disciplinary folders or files of any kind by whatever name called.

**RESPONSE:**

**REQUEST NO. 19:**  A copy of all documents in your possession relating in any way to any motor vehicle collision and/or accident of any kind in which HECTOR RENTERIA has been involved.

**RESPONSE:**

**REQUEST NO. 20:**  Copies of all documents relating to any complaint, criticism or concern raised by any person or entity regarding the driving performance and/or safety of HECTOR RENTERIA.  This should include, but is not limited to, customer complaints and call-ins by motorists either to company directly or to any service (i.e., How's My Driving?  Call 800...).

**RESPONSE:**

**REQUEST NO. 21:**  For each communication device (e.g., cell phones, PDAs, smartphones, texting and e-mailing devices, etc.) that was in the tractor that HECTOR RENTERIA was operating at the time of the collision in question, produce all documents reflecting usage and billing for the time period time period beginning 48 hours before the collision in question and ending 48 hours after the collision in question.  This includes all devices, whether owned by HECTOR RENTERIA or not, and whether it was in use at the time of the collision in question or not.

**RESPONSE:**

**REQUEST NO. 22:**  Copies of all documents prepared by HECTOR RENTERIA that describes the collision in question or the circumstances leading up to the subject incident.

**RESPONSE:**

**REQUEST NO. 23:**  All documents evidencing any evaluation of the driving abilities, qualifications, safety, and/or performance of HECTOR RENTERIA that has not been produced in response to the preceding Requests.

**RESPONSE:**

**REQUEST NO. 24:**  A complete copy of the contents of each and every file (whether maintained physically or electronically), regardless of what the file is called, regarding or addressing HECTOR RENTERIA in any way, that has not been produced in response to other Requests above.

**RESPONSE:**

**REQUEST NO. 25:**  A copy of all HECTOR RENTERIA's hours of service logs and any other driving logs and/or time sheets for the period beginning 180 days before the collision in question and ending 7 days following the collision in question.

**RESPONSE:**

**REQUEST NO. 26:**  In addition to the documents responsive to the preceding Request, produce all documents in your possession custody or control that demonstrate what HECTOR RENTERIA was doing for the time period beginning 14 days before the collision in question and

ending two days following the collision in question.  The requested documents include all documents that a motor carrier or motor carrier enforcement personnel might use to verify the information recorded on this driver's record of duty status or otherwise monitor/determine this driver's compliance/non-compliance with hours of service regulations, including, but not but are not limited to:

    a.  All documents evidencing hours of service not produced above (e.g., daily logs and time sheets as well as log audits and letters regarding hours of service);

    b.  All documents that could be used to check the accuracy of Hours of Service logs and/or time sheets;

    c.  All documents related to trips (including driver's trip envelopes, trip reports, work reports, bills of lading, manifests, cargo documents of any kind, load documents of any kind, loading and unloading records of any kind, load detention records of any kind, freight bills, pick-up and delivery records of any kind, directions (e.g., routes to take), instructions (delivery notes, times, special handling), driver's trip check and settlement sheets, dispatch records, mileage reports, weight and scale records, and receipts for fuel, fuel card reports (**with date, time and location**), food, tolls, toll transaction invoices/reports (e.g. E-ZPass, PrePass Plus), weigh-station bypass invoices/reports (e.g. PrePass) lodging, permits, repairs, and/or other purchases and expenses of any kind whether reimbursable or not, final trip accounting documents and printouts, as well as any and all reports and/or summaries of any kind referencing the above information);

    d.  All documents evidencing any and all stops; and

    e.  All driver call in reports and any other documentation of any communications between you and HECTOR RENTERIA.

**PLEASE NOTE – NOTHING IN THIS REQUEST SHOULD BE READ TO MEAN THAT PLAINTIFF IS NOT INTERESTED IN DEFENDANT MANTAINING ALL INFORMATION REGARDING ALL COMMERCIAL DRIVING ACTIVITIES FOR SIX MONTHS PRECEDING THE INCIDENT AT ISSUE AND SINCE THE INCIDENT AT ISSUE.  THESE MATERIALS SHOULD BE RETAINED IN THE EVENT THEY ARE REQUESTED.**

**REQUEST NO. 27:**  A copy of all audits and summaries of HECTOR RENTERIA's hours of service covering the period beginning one year prior to the collision in question and ending 14 days following the collision in question.

**RESPONSE:**

**REQUEST NO. 28:**  For the tractor involved in the collision in question, produce the following documents:

    a.  Title;

    b.  Registration;

    c.  Operators manual;

    d.  Maintenance Schedules;

    e.  All documents evidencing maintenance performed on the tractor at any time within 6 months before the collision in question;

    f.  All documents evidencing any inspections of the tractor during the 6 months before the collision in question;

    g.  All documents evidencing any repairs and/or modifications to the tractor at any time within 6 months before the collision in question;

    h.  All documents evidencing any repairs made to the tractor as a result of the subject collision (including insurance submissions);

    i.  All leases involving the vehicle;

    j.  Documents evidencing the purchase of the vehicle;

    k.  Documents evidencing the sale of the vehicle if it has been sold;

    l.  Documents evidencing mileage and weight at time of the collision in question; and

    m.  Copies of each and every logbook, ledger, file or the like maintained for any reason regarding the vehicle.

**RESPONSE:**

**REQUEST NO. 29:**  For the trailer involved in the collision in question, produce the following documents:

    a.  Title;

    b.  Registration;

    c.  Operators manual;

    d.  Maintenance and service manuals;

    e.  All documents evidencing maintenance performed on the trailer at any time within 6 months before the collision in question;

    f.  All documents evidencing any inspections of the trailer during the 6 months before the collision in question;

    g.  All documents evidencing any repairs and/or modifications to the trailer at any time within 6 months before the collision in question;

    h.  All documents evidencing any repairs made to the trailer as a result of the subject collision (including insurance submissions);

    i.  All leases involving the vehicle;

    j.  Documents evidencing the purchase of the vehicle;

    k.  Documents evidencing the sale of the vehicle if it has been sold;

    l.  Documents evidencing mileage and weight at time of the collision in question; and

    m.  Copies of each and every logbook, ledger, file or the like maintained for any reason regarding the vehicle.

**RESPONSE:**

**REQUEST NO. 30:**  If any data is available (whether or not downloaded or retrieved) from the tractor or any part or system from the tractor (e.g., engine control module (ECM), event data recorder (EDR), Sensing Diagnostic Module (SDM), drive-train or transmission control unit, power steering unit, airbag module, ABS or other brake system, or any EOBR), please produce both the printout of the data and the data file in its original format.  This request is intended to cover data for as long as it was recorded before during and after the collision in question.

**RESPONSE:**

**REQUEST NO. 31:**  If any data is available (whether or not downloaded or retrieved) from the trailer or any part or system from the trailer (e.g., event data recorder, ABS or other brake system, or any EOBR), please produce both the printout of the data and the data file in its original format.  This request is intended to cover data for as long as it was recorded before during and after the collision in question.

**RESPONSE:**

**REQUEST NO. 32:**  If the tractor at issue was equipped with a lane departure warning system or collision warning system (e.g., VORAD, OnGuard, etc.), please produce the printout of the downloaded data and to the degree possible produce the data file in its original format.

**RESPONSE:**

**REQUEST NO. 33:**  Produce copies of all e-mails between HECTOR RENTERIA and TRANSPORTES JYR A&M INTERNACIONAL for the time period beginning 90 days prior to the collision in question and present.

**RESPONSE:**

**REQUEST NO. 34:**  Produce copies of all communications and transmissions between HECTOR RENTERIA and TRANSPORTES JYR A&M INTERNACIONAL that were transmitted through any system on-board the tractor or trailer involved in the collision in question for the period beginning 30 days before the collision in question and ending seven days after the collision in question.  This includes any and all satellite or cellular systems, regardless of manufacturer, and includes, without limitation, all electronic on-board recorders (EOBRs) and systems such as those made available by Qualcomm, TransCore, SkyBitz, Fluensee, Fleetilla, Teletrac, Lat-Lon, Telogis, GeoLogic, Cheetah, Xata, PeopleNet and other transportation service and product providers.

**RESPONSE:**

**REQUEST NO. 35:**  If the tractor was equipped with any on-board audio or video recording or monitoring devices and/or any other driver or driver safety monitoring system, please produce everything that was retrieved or could be retrieved from such devices and systems.

**RESPONSE:**

**REQUEST NO. 36:**  To the degree that it has not been produced in response to other Requests above, produce all data of any kind that was recovered from the tractor, the trailer and/or anything inside or connected to any part or system of the tractor and/or trailer that were involved in the collision in question.

**RESPONSE:**

**REQUEST NO. 37:**  A copy of each out of service report or violation concerning the <u>tractor</u> and/or the <u>trailer</u> involved in the collision in question from the period beginning one year prior to the collision in question through present.  This request includes any supplements, responses, amendments and dispositions regarding any violation.

**RESPONSE:**

**REQUEST NO. 38:**  Produce all documents evidencing damage to any vehicle or other property as a result of the collision in question, including but not limited to repair estimates, appraisals, purchase invoices, repair bills, and checks or drafts reflecting payment for repair or replacement, and any other documents concerning or establishing the value of any item of property before or after the collision in question.

**RESPONSE:**

**REQUEST NO. 39:**  Produce all documents given to any person or entity, including any insurance company in return for payment in whole or in part for property damage, e.g., loan receipt(s), release(s), assignment(s), etc.

**RESPONSE:**

**REQUEST NO. 40:**  For the tractor and trailer involved in the collision in question, produce all the Driver Vehicle Inspection Reports (DVIR) from the period beginning six months before the collision in question and ending one week after the collision in question.

**RESPONSE:**

**REQUEST NO. 41:**  Produce all pre-trip inspection reports for the trip in question and three months prior to the date of the collision in question for the <u>tractor</u> and <u>trailer</u>.

**RESPONSE:**

**REQUEST NO. 42:**  All documents that relate to the trip/load being hauled by HECTOR RENTERIA at the time of the collision in question, including, by way of example and without limitation, all manifests, bills of lading, weight receipts, dispatch documents, content summaries, broker/shipper transportation agreements, broker/carrier agreements, broker and/or shipper rate/load confirmation sheets/agreements and documents that address the contents, ownership, pick-up, detainment, and delivery of the load.

**RESPONSE:**

**REQUEST NO. 43:**  A copy of every document related to any investigation done by or on behalf of TRANSPORTES JYR A&M INTERNACIONAL of the scene of the collision in question.

**RESPONSE:**

**REQUEST NO. 44:**  All documents authored by anyone working for or on behalf of TRANSPORTES JYR A&M INTERNACIONAL that set forth any facts relating to the collision in question.

**RESPONSE:**

**REQUEST NO. 45:**  All documents that explain what caused the collision in question.

**RESPONSE:**

**REQUEST NO. 46:**  All documents assessing preventability of and/or fault for the collision in question.

**RESPONSE:**

**REQUEST NO. 47:**  If the scene of the collision in question was mapped (with a total station or other survey equipment) within 14 days of the collision in question, please produce a copy of the survey data files and all diagrams produced therefrom.

**RESPONSE:**

**REQUEST NO. 48:**  Copies of all photographs, video, computer simulations, and any other documents depicting:
   a.  Any vehicle involved in the collision in question;
   b.  Any person involved in the collision in question;
   c.  The scene of the collision in question; and/or
   d.  Any evidence (roadway markings or other) relevant to the collision in question.

**RESPONSE:**

**REQUEST NO. 49:**  Copies of all reports (you know what this means and it is not vague) relating to the collision in question including those prepared by HECTOR RENTERIA and those prepared by anyone working for or on behalf of TRANSPORTES JYR A&M INTERNACIONAL (except lawyers).

**RESPONSE:**

**REQUEST NO. 50:**  A copy of all correspondence and other communications (including e-mail) that you have had with any person other than your lawyer involving the collision in question.

**RESPONSE:**

**REQUEST NO. 51:**  All tapes and transcripts of conversations, interviews, and/or statements of any person who purports to know any facts or circumstances relevant to the issues of liability, comparative fault, causation and/or damages in this case.

**RESPONSE:**

**REQUEST NO. 52:**  If an Accident Review Board or similar entity reviewed or intends to review in the future the collision in question, produce the following:

      a.  A copy of all documents (as defined) and other materials of any kind reviewed or that could be intended/purposed to be reviewed in the future by said board or entity;

      b.  A copy of all reports and documents (as defined) of any kind generated by said board or entity;

      c.  Documents evidencing who was on the board or will be on any future board regarding the collision in question;

      d.  Documents evidencing all criteria for review;

      e.  Determination of preventability and/or all other conclusions reached by said board or entity;

      f.  Accident file checklists; and

      g.  Documents evidencing guidelines typically used and/or to be used to make a determination of preventability

**RESPONSE:**

**REQUEST NO. 53:**  Copies of all documents sent to or received from any governmental agency regarding the collision in question, the driver involved in the collision in question, or any subject that is part of the basis of this lawsuit.

**RESPONSE:**

**REQUEST NO. 54:**  Copy of all documents and communications of any kind related to any CSA Intervention against your company in the past two years.

**RESPONSE:**

**REQUEST NO. 55:**  Copies of all TRANSPORTES JYR A&M INTERNACIONAL policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions that were in effect at the time of the collision in question, relating to:

      a.  Working for or with trucking company generally (e.g., employee manual or handbook);

      b.  Operation of any motor vehicle (e.g., driving manuals or handbooks, and the like);

      c.  Operation of a commercial vehicle;

      d.  Driving safety;

      e.  Defensive driving;

      f.  Compliance with federal and state laws and regulations;

      g.  Accident investigation;

h.  Accident review boards;
i.  Determination of preventability of accidents;
j.  Hiring, retaining, training and supervising drivers; and
k.  Disciplinary actions;
l.  Copies of any other manuals, guidelines, rules, regulations, and other documents of any kind that are furnished and/or adopted (whether formal or informal) by the company in connection with the work performed by its operational personnel (e.g. dispatchers, safety managers, log auditors).

**RESPONSE:**

**REQUEST NO. 56:**  Copies of each document that HECTOR RENTERIA signed to prove that HECTOR RENTERIA received and/or agreed to be bound by any policies, procedures, rules, guidelines and/or standards of TRANSPORTES JYR A&M INTERNACIONAL.

**RESPONSE:**

**REQUEST NO. 57:**  To the degree that TRANSPORTES JYR A&M INTERNACIONAL has any rules, policies, procedures, guidelines, driving manuals, employee handbooks or manuals, or other similar documents that were not provided to HECTOR RENTERIA before the collision in question, please produce them now.

**RESPONSE:**

**REQUEST NO. 58:**  A complete copy of, or in the alternative, access to, each driver safety training film, video, videotape, videocassette, audio cassette, computer program, simulator, driver diagnostic record or test, maintained by your company, or used by TRANSPORTES JYR A&M INTERNACIONAL, its personnel, agents, or employees during the year of the collision in question and three years prior.

**RESPONSE:**

**REQUEST NO. 59:**  Copies of all industry and/or other guidelines and/or practices that you rely upon to support your contentions in this case.

**RESPONSE:**

**REQUEST NO. 60:**  Copy of documents showing the hierarchy of managerial positions at TRANSPORTES JYR A&M INTERNACIONAL and who occupied such positions as of the time of the subject incident and presently.

**RESPONSE:**

**REQUEST NO. 61:**  A copy of each document (including articles and presentations) prepared and/or presented by any TRANSPORTES JYR A&M INTERNACIONAL representative relating to the safe operation of a commercial motor vehicle and/or the safe operation of a

trucking company in the past five years.

**RESPONSE:**

**REQUEST NO. 62:**  All company newsletters distributed/authored during the time period beginning two years before the collision in question and present.

**RESPONSE:**

**REQUEST NO. 63:**  Copies of any contract under which your company was operating the truck in question at the time of the collision in question.

**RESPONSE:**

**REQUEST NO. 64:**  A copy of TRANSPORTES JYR A&M INTERNACIONAL's accident register maintained as required by 49 CFR § 390.15.

**RESPONSE:**

**REQUEST NO. 65:**  Transcripts or recordings of all depositions of corporate designees for TRANSPORTES JYR A&M INTERNACIONAL given in the past five years in cases where it was alleged that a driver working for TRANSPORTES JYR A&M INTERNACIONAL caused injury or death to another person.

**RESPONSE:**

**REQUEST NO. 66:**  Copies of all documents putting any third party on notice of a claim arising from the collision in question

**RESPONSE:**

**REQUEST NO. 67:**  All correspondence and other communication of any kind between you and any other Defendant to this Action.

**RESPONSE:**

**REQUEST NO. 68:**  With respect to each expert witness who may provide testimony at the trial of this case, provide:
   a. A copy of all documents (as that term is defined above) and items of any kind produced **to** said expert;
   b. A copy of all documents (as that term is defined above) and items of any kind generated or produced **by** said expert;
   c. A copy of the entire file of said expert;
   d. A current résumé or curriculum vitae for said expert; and
   e. All billing records and work logs for said expert.

**RESPONSE:**

**REQUEST NO. 69:**  A copy of any and all documents and other materials which support any contention that the collision in question was the fault of anyone other than the Defendants.

**RESPONSE:**

**REQUEST NO. 70:**  Copies of all diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case not previously supplied.

**RESPONSE:**

**REQUEST NO. 71:**  Produce each document or thing that you contend is evidence, proof, or support of your claims on any issue of negligence or causation as to the collision in question, including but not limited to admissions of fault, engineering analysis, scientific tests, and official or unofficial reports.

**RESPONSE:**

**REQUEST NO. 72:**  Produce each document or thing that you contend evidences or supports your denial of any of Plaintiff's Requests for Admissions.

**RESPONSE:**

**REQUEST NO. 73:**  If any surveillance has been undertaken by or on behalf of TRANSPORTES JYR A&M INTERNACIONAL, produce a copy of all reports, photographs, video and anything else generated through that investigation.

**RESPONSE:**

**REQUEST NO. 74:**  Please provide copies of any and all documents from any and all claims and/or lawsuits filed against you which arise from this incident involving any and all of the parties involved in this lawsuit. This should include any and all pleadings, discovery, requests, answers and depositions.

**RESPONSE:**

**REQUEST NO. 75:** A list of all of your company's offices and/or places of business and/or storage lots at the time of this incident with contact information.

## REQUEST FOR PRIVILEGE LOG TO BE ANSWERED
## <u>WITHIN 30 DAYS OF SERVICE</u>

<u>Privilege Log:</u> If you are withholding documents based upon the assertion of a privilege, please produce a privilege log in accordance with Rule 193.3 (b), detailing with reasonable particularity a description of the documents withheld, the number of documents, and the privilege which you claim properly precludes the information from being discovered. Specifically do the following:

(a)   Detail the privilege asserted;
(b)   The title of the document(s) upon which the privilege is asserted;
(c)   The General substance of the document(s) upon which you claim there is a privilege;
(d)   Identify the location and custodian of the document(s)
(e)   Brief Description why, in your view, the privilege shields the document from discovery; and
(f)   Bates stamp the documents upon which you claim there is a privilege for in camera inspection at a later hearing.

El Paso County - 243rd District Court

Filed 5/24/2017 2:01:56 PM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV1766

| | | |
|---|---|---|
| VENACIO SANTILLAN GONZALEZ | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| VS. | § | |
| | § | |
| **HECTOR RENTERIA and** | § | **CAUSE NO. 2017-_____** |
| **TRANSPORTES JYR A&M** | § | |
| **INTERNACIONAL,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

### PLAINTIFF'S FIRST SET OF PRODUCTION, INTERROGATORIES AND ADMISSIONS TO DEFENDANT HECTOR RENTERIA

TO: Defendant HECTOR RENTERIA.

COMES NOW Plaintiff VENACIO SANTILLAN GONZALEZ and propounds Plaintiff's First Set of Production, Interrogatories and Admissions to Defendant HECTOR RENTERIA pursuant to the Texas Rules of Civil Procedure to be answered by Defendant within fifty (50) days of the date of service.

Respectfully submitted,
VICTOR J. BIEGANOWSKI, P.C.

Victor J. Bieganowski
State Bar No. 02301100
Email:
victorbieganowski@ellisandortega.com
609 Myrtle Ave. ,Suite100
El Paso, Texas 79901
Tel. (915) 542-1883
Fax. (915) 542-3500
Attorneys for Plaintiff

RANDOLPH J. ORTEGA
Attorneys for Plaintiff
State Bar No. 00795570
609 Myrtle Avenue, Suite 100
El Paso, Texas  79901
(915) 542-1883
(915) 542-3500 (Facsimile)
randyortega@ellisandortega.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served to

Defendant HECTOR RENTERIA along with Plaintiffs' Original Petition.

Victor J. Bieganowski

## INTERROGATORIES

Plaintiff, pursuant to TRCP 197, serves the attached Interrogatories to be propounded to

Defendant HECTOR RENTERIA These questions are being served upon you, the Defendant,

HECTOR RENTERIA, and you are notified that Plaintiff specifies that the answers shall be

served fifty (50) days after service of this request. These interrogatories shall be answered

separately and fully in writing under oath and signed by the person making them.

## INSTRUCTIONS

1. The Interrogatories are to be answered separately and fully in writing, be signed under oath, and delivered to the Plaintiff's counsel within fifty (50) days after service hereof. The answers shall be preceded by the question or interrogatory to which the answer pertains.

2. These Interrogatories seek answers current to the date of response. Pursuant to the Rules, you are under a duty to supplement your answers, and these Interrogatories shall be deemed continuing in nature to require such supplementation of all additional information as may hereafter be obtained by you, or by any person on your behalf, between the time answers are served and the time of trial.

3. If any answer is refused in whole or in part on the basis of a claim of privilege or exemption, state the following: (a) the nature of the privilege/exemption claimed; (b) the general nature of the matter withheld (e.g., substance of conversation of the withheld information, name of originator); (c) name(s) of person(s) to whom the information has been imparted; and (d) the extent, if any, to which the information will be provided subject to the privilege/exemption.

## DEFINITIONS

1. "You," and "Your," and "Defendant" mean Defendant HECTOR RENTERIA, as captioned in Plaintiffs' Original Petition, and all other person or entities acting on your behalf and all employees who work on your behalf in the course and scope of your employment and in furtherance of your business. "You" also includes any agent that acts on your behalf.
2. "Lawsuit" and "case" refer to this lawsuit filed in the District Court of El Paso County, Texas.
3. "Person" and "witness" means the plural as well as the singular and includes: natural persons, governmental agencies, municipalities, departments, units, or any subdivisions, corporations, firms, associations, partnerships, joint ventures, or any other form of business entity.

4. The terms "and" and "or" as used herein are to be interpreted both disjunctively and conjunctively.

5. "Document" and "documents" as used herein shall mean the original and each non-identical copy (whether different from the original because of marginal notes, or other material inserted therein, or attached thereto or otherwise) written or graphic matter, however produced or reproduced, whether sent or received, or neither, including drafts and both sides thereof, and including, but not limited to, printed, typewritten, emails and computer printed or written matter, and mechanical, magnetic and electronic recordings and shall include, without limitation, letters, telegrams, cablegrams, telex messages, TWX messages, correspondence, notations, work papers, transcripts, corporate books or minutes, reports, memoranda studies, summaries, agendas, bulletins, records of telephone or other conversations, or of interviews, conferences or other meetings, maps, charts, plans, specifications, diagrams, photographs, affidavits, statements, statistical diagrams, records, lists, tabulations, memoranda, notes, diaries, calendars, calendar, pads, newspaper clippings, appointment books or records, reports, worksheets, printed business forms, expense account reports or records, contracts, agreements, accounting records (including loan history), promissory notes, security agreements, pledge agreements, guaranties, loan agreements, credit reports, loan applications, financial statements, loan memoranda, private placement memoranda, bank statements, certificates of deposit, letters of credit, bids, quotations, proposals, bills, invoices, statements and other books, records, papers, copies, and drafts and proposed forms of any of such items or matters, or tapes, disks, sound records, computer printouts, data processing input and output, microfilm, microfiche, all other records kept by electronic, photographic, or mechanical means, and items similar to all of the foregoing which were prepared by you or for you, or which are in or subject to your possession, custody, or control. The term "document" shall also include all "writings and recordings" as defined by Rule 1001 of the Texas Rules of Civil Evidence. If any tape, disk, card, wire, or other electronic or mechanical recording or transcript or any computer program is produced, you shall also produce such documents as are necessary for decoding, playing back, printing out, and/or interpretation thereof, and any other documents which are necessary to convert such information into a useful and usable format. If you can demonstrate that the original is unavailable, the terms "document" and "documents" shall also include a copy of the original.

6. "Identify," as used herein with respect to a person, means to provide the name, address, and telephone number of such person.

7. "Identify," as used herein with respect to a document, means to state with respect to such document sufficient detail to permit another party to this lawsuit to locate and identify as readily as can you, such document. Such information and detail might include for each document: (i) the name of the person who prepared it, (ii) the name of the person who signed it, or over whose name it was issued, (iii) the name of each person to whom it was addressed and/or sent or distributed, (iv) the general type of such documents (e.g., letter, memorandum, contract, etc.), (v) the date of such document, or if it bears no date, the date on or about which it was made or prepared, (vi) the physical location of such document, and (vii) the name and address of the persons having possession, custody, or control of such document. In lieu of providing such information and detail, you may attach such document to your answer to these Interrogatories and indicate for which Interrogatory each document is applicable.

8. "Plaintiff" means the Plaintiff captioned and identified in Plaintiffs' Original Petition filed in this matter.

9. "Negligence" means failure to use ordinary care; that is, failure to do that which a person of ordinary prudence would have done under the same or similar circumstances, or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

10. "Ordinary Care" means that degree of care, which would be used by a person of ordinary prudence under the same or similar circumstance.

11. "Proximate Cause" means a cause that was substantial factor in bringing about an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using *ordinary care* would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

12. The "collision," "collision in question," or "incident in question" refers to the vehicle accident more specifically described in Plaintiffs' Petition involving Defendant HECTOR RENTERIA and Plaintiff VENACIO SANTILLAN GONZALEZ that occurred on or about September 13, 2016, on Interstate 10 in El Paso County, Texas.

## INTERROGATORIES

**INTERROGATORY NO. 1:** State your full name, date and place of birth, and social security number.

**ANSWER:**

**INTERROGATORY NO. 2:** Have you ever been known by any name(s) other than the one you identified in the preceding Interrogatory? If so, identify each name and for each name explain when you were known by that name, whether you had a separate social security number and/or driver's license in that name, and explain why you changed names or went by more than one name.

**ANSWER:**

**INTERROGATORY NO. 3:** For each driver's license you have had in the past seven years, identify the state of issue, the date of issue, the number and whether or not it was a commercial driver's license.

**ANSWER:**

**INTERROGATORY NO. 4:** If you are currently married, identify your spouse, your spouse's employer and job position, and your date of marriage.

**ANSWER:**

**INTERROGATORY NO. 5:** Identify each address where you have lived in the past ten years and provide the dates when you lived at each address.

**ANSWER:**

**INTERROGATORY NO. 6:** Identify each school you have attended starting with high school and provide the dates you attended and whether or not you graduated.

**ANSWER:**

**INTERROGATORY NO. 7:** State the names and addresses of each social, civic, fraternal, professional, occupational, labor and/or religious organizations in which you are a member or have been a member during the last ten years, including in your response the inclusive dates of membership and any offices you have held therein.

**ANSWER:**

**INTERROGATORY NO. 8:** If you have ever served your country or community in any way, please explain your service and provide the dates when you served.

**ANSWER:**

**INTERROGATORY NO. 9:** For each place you have worked (as an employee, independent contractor, leased driver or otherwise) in the past 15 years, provide the following information: name of entity or person for whom you worked; address; dates you worked there; job position; supervisor's name; and the reason you left.

**ANSWER:**

**INTERROGATORY NO. 10:** If you have won any awards, been given special recognitions, and/or there are any accomplishments and/or achievements you are particularly proud of, please explain them and provide the date and location for them.

**ANSWER:**

**INTERROGATORY NO. 11:** Identify each motor vehicle collision(s) that you have been involved in during the past 15 years and for each collision describe what happened, where the collision occurred, the names of the other individuals involved, citations issued, who was at fault and whether there were any injuries.

**ANSWER:**

**INTERROGATORY NO. 12:** If you have been arrested, charged, warned and/or cited for any violation of any ordinance, law and/or regulation in the past ten years, for each violation identify the charge, jurisdiction, date, and disposition. This includes all traffic violations, licensing

violations, vehicle and/or driver inspection violations, and all violations of any criminal code and law.

**ANSWER:**

**INTERROGATORY NO. 13:** If you have ever been convicted at any time of a felony, for each conviction identify the charge, jurisdiction, conviction date, and sentence/disposition.

**ANSWER:**

**INTERROGATORY NO. 14:** For every instance when your driving privileges have been suspended, revoked, canceled or otherwise restricted in any way, explain why, when and by whom.

**ANSWER:**

**INTERROGATORY NO. 15:** If you have ever been disqualified in accordance with 49 C.F.R. 391.15, 383.51, and/or 383.52 or any other circumstance from driving a commercial motor vehicle, please describe when and under what circumstances you were disqualified.

**ANSWER:**

**INTERROGATORY NO. 16:** Have you had any medical condition in the past five years that could affect your ability to operate a motor vehicle (including without limitation any condition affecting vision, hearing, blood pressure, nervous system, endocrine system, motor skills, sensory abilities, alertness etc.)?  If so, describe in detail each condition, who has treated you for the condition, and the nature and dates of these treatments.

**ANSWER:**

**INTERROGATORY NO. 17:** Have you ever been involved in any lawsuit other than the present one (excluding domestic cases)?  If so, explain whether you were a plaintiff, defendant, or witness and identify the style, jurisdiction, date and nature of the lawsuit.

**ANSWER:**

**INTERROGATORY NO. 18:** Identify all training you have received in connection with operating a commercial motor vehicle, including courses taken to obtain your Commercial Driver's License (CDL) and training received since obtaining your CDL, including dates taken, length of course, name of person/entity providing training, and manner in which training was provided.

**ANSWER:**

**INTERROGATORY NO. 19:** If you were not completely honest in providing information to TRANSPORTES JYR A&M INTERNACIONAL in connection with your hiring, driver qualification, or otherwise, please explain what you were not fully honest about and why.

**ANSWER:**

**INTERROGATORY NO. 20:** As to your work with TRANSPORTES JYR A&M INTERNACIONAL, provide the following information:
  (a) What was your status on date of collision in question (employed company driver, leased driver, other);
  (b) Explain how you were paid (by hour, by load, by mile, salary or other);
  (c) Identify and explain all instances when you were disciplined, counseled, reprimanded, written up, or had any negative employment action taken against you; and
  (d) If you have been terminated, explain when and why you were terminated and who informed you of your termination.

**ANSWER:**

**INTERROGATORY NO. 21:** Describe in detail <u>all</u> training and education (including on the job training) provided to you by or on behalf of TRANSPORTES JYR A&M INTERNACIONAL at any time and in any way related to the operation of a commercial motor vehicle.

**ANSWER:**

**INTERROGATORY NO. 22:** Identify your primary supervisor(s) and manager(s) at TRANSPORTES JYR A&M INTERNACIONAL at the time of the collision in question.

**ANSWER:**

**INTERROGATORY NO. 23:** For the time period starting 48 hours before the collision in question and ending 48 hours after the collision in question, identify and explain all communications of any kind (in person, on phone, text message, e-mail, Qualcomm, other) between you and anyone acting for or on behalf of TRANSPORTES JYR A&M INTERNACIONAL, anyone acting for or on behalf of any insurance company, and/or anyone else for any purpose.

**ANSWER:**

**INTERROGATORY NO. 24:** Explain your understanding of <u>how</u> and <u>why</u> the collision in question occurred.

**ANSWER:**

**INTERROGATORY NO. 25:** Identify each person with whom you communicated in any way regarding the collision in question at any time and provide the details of when, why, where, and

for what purpose these communications occurred.  Communications for which you assert a privilege should be identified on a privilege log.

**ANSWER:**

**INTERROGATORY NO. 26:** Identify all persons who to your knowledge were present at the scene of the collision in question within 48 hours of the time of the collision in question and explain their role at the scene of the collision in question and what actions they took.

**ANSWER:**

**INTERROGATORY NO. 27:** Identify all person(s) who you to your knowledge have or may have any relevant information regarding: the collision in question; the facts leading up to the collision in question; the investigation of the collision in question; any party to this action; any vehicles involved in the collision in question or; and/or any other incidents, claims or defenses raised in this action.  The purpose of this Interrogatory is to identify all witnesses you believe may have relevant testimony of any kind in connection with this case.

**ANSWER:**

**INTERROGATORY NO. 28:** Have you prepared and/or given any statement or account of what happened in the collision in question to anyone?  If so, identify all such statements and accounts by explaining when, where, in what form, and to whom the statement or account was given. If you claim privilege, please provide a privilege log.

**ANSWER:**

**INTERROGATORY NO. 29:** If you maintain that any person or entity other than you has any responsibility of any kind for causing the collision in question, and/or for causing any of the damages alleged in the Complaint, identify each such person and/or entity, describe in detail the basis for their responsibility and identify all person(s) and documents that support your contentions.

**ANSWER:**

**INTERROGATORY NO. 30:** If you maintain that HECTOR RENTERIA has any responsibility of any kind for causing the collision in question, and/or for causing any of the damages alleged in the Complaint, describe in detail the basis for their responsibility and identify all person(s) who have any knowledge regarding this issue.

**ANSWER:**

**INTERROGATORY NO. 31:** Were you given any drug and/or alcohol tests (blood, urine or otherwise) after the collision in question occurred?  If so, please state the time at which the test was administered, the name, address and phone number of the persons, firms, or entities who

administered said test(s) and all such persons, firms, or entities in possession of a copy of the results of said test(s).

**ANSWER:**

**INTERROGATORY NO. 32:** If there has been any judicial or administrative hearing or proceeding (including workers' compensation and criminal) concerning the collision in question, please describe it, giving the date, place and nature of the hearing or proceeding, and the names, addresses and telephone numbers of each person present, and the name, address and telephone number of any person who transcribed or recorded the hearing or who presently has a transcript, recording or summary of it.

**ANSWER:**

**INTERROGATORY NO. 33:** Identify all photographs, motion pictures, maps, plats, drawings, diagrams, videotapes, or other tangible or documentary evidence depicting the scene of the collision in question and/or any person or vehicle involved in the collision in question.

**ANSWER:**

**INTERROGATORY NO. 34:** List any factual errors you contend are contained in the police report of the collision in question. For each such alleged error, state the facts upon which you rely to support your contention and identify any persons and documents that support your contention.

**ANSWER:**

**INTERROGATORY NO. 35:** Do you accept responsibility for causing the collision in question? Explain why or why not.

**ANSWER:**

**INTERROGATORY NO. 36:** If you consumed any alcoholic beverage, sedative, tranquilizer, stimulant, and/or other prescription and/or over-the-counter drug or medicine (whether legal or not) during the 72 hour period _immediately before_ the collision in question, identify the substance consumed, the amount consumed, the time and place of consumption and the purpose for the consumption.

**ANSWER:**

**INTERROGATORY NO. 37:** With respect to the trip that you were on at the time of the collision in question, provide the following information:

    (a)                Identify where and when (date and time) you picked up the load you had at the time of the collision in question. If empty at the time of the collision in question, state such and identify where and when you delivered your last load and/or left your last dispatched location, the nature of your trip at

the time of the collision in question, and your next planned destination at the time of the collision in question;

(b)    Identify where (name and address of location) and when (date and time) the load you had at the time of the collision in question was instructed to be delivered. If empty at the time of the collision in question, identify when you were instructed to arrive at your next planned destination as identified in the preceding. If in route to pick up a load at the time of the collision in question, identify where and when you were instructed to deliver that load;

(c)    Identify the location, time, duration and reason for each stop you made from the time you picked up the load and/or left your last dispatched location until the time of the collision in question; and

(d)    Identify the route you intended to follow from the point of origin to the point of destination.

**ANSWER:**

**INTERROGATORY NO. 38:** Explain in detail where you were and what you were doing during the 72 hours <u>immediately prior to</u> and the 48 hours <u>immediately following</u> the collision in question. This response should include the time and location of each pick up, delivery and stop and the reason for each stop (e.g., load, unload, fuel, rest, meal, inspection, repair, other) as well as what you were doing when off duty. Identify all documents that evidence your response and all people who can substantiate your response.

**ANSWER:**

**INTERROGATORY NO. 39:** Do you submit to the following with regards to your Record of Duty Status (e.g. logs) and/or Hours of Service compliance?

(a) You are required to be in compliance with the hours of service regulations as they apply to your operation;

(b) You are required to log what you do and do what you log;

(c) Your legal signature (or affirmative review and submission of such in the case of EOBRs) on such certifies that all entries on such are true and correct;

(d) You are aware of 49 C.F.R. 395.8(e)

**ANSWER:**

**INTERROGATORY NO. 40:** With respect to your Hours of Service (HOS) in the eight (8) days leading up to the date of the collision in question, provide the following information:

(a) Identify all errors on your logs of which you are aware;

(b) Identify all HOS violations of which you are aware;

(c) Are you aware of any audit of your HOS for the 8 days leading up to the collision?

**ANSWER:**

**INTERROGATORY NO. 41:** For each communication device (cell phone, text message device, e-mail device, etc.) that was in the tractor you were operating on the day of the collision

in question, explain whether or not it was in use at any time in the hour preceding the collision in question and identify the service provider, account number, phone number and owner.

**ANSWER:**

**INTERROGATORY NO. 42:** Identify each person you expect to call as an expert witness at trial and for each expert identified: (a) summarize each opinion the expert holds in regards to this case; (b) identify the factual basis for each such opinion; (c) identify all documents and evidence of any kind provided to the expert for review; and (d) identify all documents and evidence of any kind that support each opinion.

**ANSWER:**

**INTERROGATORY NO. 43:** For each of Plaintiff's First Request for Admissions addressed to you that you did not admit without qualification, explain in detail the reason for your refusal to admit and identify all persons and documents that support your response.

**ANSWER:**

**INTERROGATORY NO. 44:** For each insurance policy of any kind that does or may provide any coverage on behalf of any Defendant (whether it is your policy or anyone else's policy) for damages/injuries alleged in this case, provide: name of insurer; policy number; limits of coverage; the name(s) of all insureds; and state whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject case.

**ANSWER:**

**INTERROGATORY NO. 45:** For each claim (formal or informal) and lawsuit wherein it is/was suggested or alleged that any person was injured or killed as a result of TRANSPORTES JYR A&M INTERNACIONAL drivers' actions in the past three years, including but not limited any lawsuit filed in any other court arising from the incident involved in this lawsuit, provide the style of the case (or name of parties, jurisdiction attorneys with contact information and case number), and describe briefly the circumstances of each suit/claim and the disposition.

**ANSWER:**

**INTERROGATORY NO. 46:** State any and all addresses and/or residences of yours at the time of this incident.

**ANSWER:**

## REQUEST FOR ADMISSIONS

Pursuant to Rule 198 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff serves the following Request for Admissions to Defendant HECTOR RENTERIA. Defendant is requested to respond fully, in writing, and in accordance with Rule 198 of the TEXAS RULES OF CIVIL PROCEDURE. The admissions requested are to be responded to fifty (50) days after service of this request. The failure to answer within the prescribed period may result in the Admissions being deemed admitted by the aforementioned Court. If you fail to admit a matter upon which Plaintiff later has to prove at his expense, you may have to pay for the costs of such proof if you do not have good cause for admitting the request when such request was served.

**ADMISSION NO. 1:**  Admit you have been properly named in Plaintiffs' petition.

**ANSWER:**

**ADMISSION NO. 2:**  Admit you are a proper party.

**ANSWER:**

**ADMISSION NO. 3:**  Admit the Court has subject matter and personal jurisdiction over you.

**ANSWER:**

**ADMISSION NO. 4:**  Admit venue is proper in El Paso County, Texas.

**ANSWER:**

**ADMISSION NO. 5:**  Admit you were properly served with process.

**ANSWER:**

**ADMISSION NO. 6:**  Admit all allegations in Plaintiffs' petition are factually correct.

**ANSWER:**

**ADMISSION NO. 7:**  Admit that on September 13, 2016, you were an agent of TRANSPORTES JYR A&M INTERNACIONAL.

**ANSWER:**

**ADMISSION NO. 8:**   Admit that on September 13, 2016, you were an employee of TRANSPORTES JYR A&M INTERNACIONAL.

**ANSWER:**

**ADMISSION NO. 9:**   Admit that at the time of the collision in question, you were acting within the course and scope of his employment or agency with TRANSPORTES JYR A&M INTERNACIONAL.

**ANSWER:**

**ADMISSION NO. 10:**   Admit that on September 13, 2016, you were operating the tractor-trailer with the permission of TRANSPORTES JYR A&M INTERNACIONAL.

**ANSWER:**

**ADMISSION NO. 11:**   Admit that on September 13, 2016, you were operating the tractor-trailer with the knowledge of TRANSPORTES JYR A&M INTERNACIONAL.

**ANSWER:**

**ADMISSION NO. 12:**   Admit that on September 13, 2016, you were operating the tractor-trailer as trained by TRANSPORTES JYR A&M INTERNACIONAL.

**ANSWER:**

**ADMISSION NO. 13:**   Admit that on September 13, 2016, you were not operating the tractor-trailer as trained by TRANSPORTES JYR A&M INTERNACIONAL.

**ANSWER:**

**ADMISSION NO. 14:**   Admit that no act of VENACIO SANTILLAN GONZALEZ contributed to the collision in question.

**ANSWER:**

**ADMISSION NO. 15:**   Admit that there was no failure to act by VENACIO SANTILLAN GONZALEZ which contributed to the collision in question.

**ANSWER:**

**ADMISSION NO. 16:**   Admit that there was no act on the part of anyone, other than you that contributed to the collision in question as specifically stated above.

**ANSWER:**

**ADMISSION NO. 17:**   Admit that you were a professional driver on the date and time of the collision in question.

**ANSWER:**

**ADMISSION NO. 18:**   Admit that other than those parties named in the Complaint in this case, there are no other persons or entities that caused and/or contributed to the collision in question in any way.

**ANSWER:**

**ADMISSION NO. 19:**   Admit that you are fully responsible for causing the collision in question.

**ANSWER:**

**ADMISSION NO. 20:**   Admit that your negligence was a contributing cause of the collision in question.

**ANSWER:**

**ADMISSION NO. 21:**   Admit VENACIO SANTILLAN GONZALEZ was not contributorily negligent.

**ANSWER:**

**ADMISSION NO. 22:**   Admit that at the time of the collision in question, you were subject to the Federal Motor Carrier Safety Regulations.

**ANSWER:**

**ADMISSION NO. 23:**   Admit there were no visual obstructions preventing you from seeing VENACIO SANTILLAN GONZALEZ' vehicle in the 500 feet prior to the collision in question.

**ANSWER:**

**ADMISSION NO. 24:**   Admit you saw VENACIO SANTILLAN GONZALEZ vehicle at least 1000 feet before impacting it.

**ANSWER:**

**ADMISSION NO. 25:**   Admit you breached a duty to VENACIO SANTILLAN GONZALEZ.

**ANSWER:**

**ADMISSION NO. 26:**  Admit you were negligent in the auto collision made the basis of this suit.

**ANSWER:**

**ADMISSION NO. 27:**  Admit a proximate cause of Plaintiffs' damages was your negligence.

**ANSWER:**

**ADMISSION NO. 28:**  Admit your negligence was a proximate cause of VENCAIO SANTILAN GONZALEZ' medical expenses.

**ANSWER:**

**ADMISSION NO. 29:**  Admit VENACIO SANTILLAN GONZALEZ suffered physical pain and mental anguish as a result of your negligence.

**ANSWER:**

**ADMISSION NO. 30:**  Admit that you failed to keep such proper lookout and attention to the roadway as a person of ordinary prudence would have kept under the same or similar circumstances.

**ANSWER:**

**ADMISSION NO. 31:**  Admit that you were familiar with this section of Interstate 10 where this incident took place.

**ANSWER:**

**ADMISSION NO. 32:**  Admit that prior to the location of the collision in question you past signage warning you to be prepared to stop.

**ANSWER:**

**ADMISSION NO. 33:**  Admit that prior to the location of the collision in question you past signage informing you of an inspection station ahead and the need for all trucks to exit.

**ANSWER:**

**ADMISSION NO. 34:**   Admit that you were operating your vehicle at a speed that was unsafe with regard to the traffic hazard existing.

**ANSWER:**

**ADMISSION NO. 35:**  Admit that you failed to keep an assured safe distance from VENACIO SANTILLAN GONZALEZ' vehicle.

**ANSWER:**

## REQUEST FOR PRODUCTION

Pursuant to Rule 196 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff serves the

following Requests for Production of Documents on Defendant HECTOR RENTERIA.

Defendant is requested to respond fully, in writing, and in accordance with TRCP 196. The

documents requested are to be produced to Plaintiffs' counsel within fifty (50) days after service

of this request. You are further advised that you are under a duty to reasonably supplement your

answer.

**NOTE:   For each separately numbered requests below please delineate each set of documents so that it can be easily ascertained which documents relate to which numbered request.**

**REQUEST NO. 1:**    A copy of each document relied upon by you in any way in responding to Plaintiff's First Interrogatories to HECTOR RENTERIA.

**RESPONSE:**

**REQUEST NO. 2:**    A copy of each insurance policy (and declarations page for each policy) that provides or may provide coverage for damages sustained in the collision in question.

**RESPONSE:**

**REQUEST NO. 3:**    Copies of all reservation of rights letters and/or agreements regarding insurance coverage for the collision in question.

**RESPONSE:**

**REQUEST NO. 4:**    All documents setting forth the relationship between you and TRANSPORTES JYR INTERNACIONAL.  This includes, but is not limited to all leases, employment contracts, and independent contractor agreements and other contracts, agreements, termination letters, intent to hire/promise of employment, job descriptions, company hiring guidelines/requirements/standards, company retention guidelines/requirements/standards memorandum and the like.

**RESPONSE:**

**REQUEST NO. 5:**    A copy of all documents in your possession that relate to your qualifications to operate a commercial motor vehicle, inclusive of, but not limited to, copies your CDLs (front and back), Medical Examiner's Certificates, Long Form Medical Examination

Reports, medical variance documentation (e.g. exemption letter, Skill Performance Evaluation Certificates), Truck Driving School Certificates, PSP data, Certificates of Road Test, MVRs, and eye exams/prescriptions.

**RESPONSE:**

**REQUEST NO. 6:**   A copy of all documents in your possession that relate to work you have done for any trucking company in the past seven years.  This includes any documents you prepared for any trucking company and any documents you ever received from any trucking company.

**RESPONSE:**

**REQUEST NO. 7:**   Copies of all blood and/or urine test results in your possession for the past seven years.

**RESPONSE:**

**REQUEST NO. 8:**   All documents that relate in any way to your orientation at TRANSPORTES JYR A&M INTERNACIONAL.

**RESPONSE:**

**REQUEST NO. 9:**   All documents in your possession that relate in any way to your training to operate a commercial motor vehicle.

**RESPONSE:**

**REQUEST NO. 10:**   All documents giving notice to TRANSPORTES JYR A&M INTERNACIONAL of any violation of any law, ordinance or regulation, as well as any suspensions, revocations or cancellations.

**RESPONSE:**

**REQUEST NO. 11:**   Copies of all citations, warnings, out of service orders and other documents alleging that you violated any law, ordinance and/or regulation in the last five years.

**RESPONSE:**

**REQUEST NO. 12:**   All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of TRANSPORTES JYR A&M INTERNACIONAL directed to you for the purpose of teaching, training, re-training, counseling, disciplining, correcting or otherwise managing you in any way relating to the safe operation of a commercial vehicle.

**RESPONSE:**

**REQUEST NO. 13:** A copy of all documents relating in any way to any motor vehicle collision and/or accident of any kind in which you were involved in the past five years.

**RESPONSE:**

**REQUEST NO. 14:** For each communication device (e.g., cell phones, PDAs, smartphones, texting and e-mailing devices, etc.) that was in the tractor that you were operating at the time of the collision in question, produce all documents reflecting usage and billing for the time period beginning 48 hours before the collision in question and ending 48 hours after the collision in question. This includes all devices, whether owned by you or not, and whether it was in use at the time of the collision in question or not.

**RESPONSE:**

**REQUEST NO. 15:** Copies of each DAC report regarding you in your possession.

**RESPONSE:**

**REQUEST NO. 16:** Copies of each personnel file and employment-related file in your possession.

**RESPONSE:**

**REQUEST NO. 17:** Copies of all medical treatment records related to injuries sustained by you in/during the collision in question.

**RESPONSE:**

**REQUEST NO. 18:** All correspondence and other communications of any kind between you and any third-party relating to the collision in question.

**RESPONSE:**

**REQUEST NO. 19:** All correspondence and other communications of any kind between you and any other Defendant in this case.

**RESPONSE:**

**REQUEST NO. 20:** Each OP-1, MCS-150, MCS-150A, MCS-150B and/or MCSA-1 ever filed by you as a carrier.

**RESPONSE:**

**REQUEST NO. 21:**  Copies of all hours of service logs and other time logs in your possession for the period beginning 180 days before the collision in question and ending 14 days following the collision in question.

**RESPONSE:**

**REQUEST NO. 22:**  In addition to the documents responsive to the preceding Request, produce all documents showing where you were and what you were doing regardless of duty status during the period beginning 14 days before the collision in question and ending 2 days following the collision in question.

**RESPONSE:**

**REQUEST NO. 23:**  A copy of all audits and summaries of your logs covering the period beginning one year prior to the collision in question and ending 14 days following the collision in question.

**RESPONSE:**

**REQUEST NO. 24:**  For the period beginning 14 days prior to the collision in question and ending 48 hours after the collision in question produce all of the following documents in your possession:

a.   dispatch records;
b.   fax transmissions;
c.   mobile radio records;
d.   pre-rate records;
e.   wrecker or tow truck records;
f.   pick-up and delivery records;
g.   trip summaries;
h.   delivery manifests;
i.   credit card receipts;
j.   toll tickets;
k.   fuel receipts;
l.   weight tickets;
m.   fuel tax records;
n.   state entry and departure records;
o.   expense sheets;
p.   trailer interchange records;
q.   bills of lading;
r.   manifests and waybills;
s.   rental contracts involving the vehicle; and
t.   seal records for the trailer.

**RESPONSE:**

**REQUEST NO. 25:**  Copies of all out of service orders for the vehicle in question in your possession.

**RESPONSE:**

**REQUEST NO. 26:**  Produce all documents given to any person or entity, including any insurance company in return for payment in whole or in part for property damage, e.g., loan receipt(s), release(s), assignment(s), etc.

**RESPONSE:**

**REQUEST NO. 27:**  For the tractor and trailer involved in the collision in question, produce all the Driver Vehicle Inspection Reports (DVIR) from the period beginning six months before the collision in question and ending one week after the collision in question.

**RESPONSE:**

**REQUEST NO. 28:**  All documents that relate, refer and/or discuss in any way the last load you hauled prior to or were hauling at the time of the collision in question, including, by way of example and without limitation, all manifests, bills of lading, weight receipts, dispatch documents, content summaries, and documents that address the contents, ownership, pick-up, detainment, and delivery of the load to include any notes, handwritten or otherwise, taken by you at the time of and during dispatch of the load.

**RESPONSE:**

**REQUEST NO. 29:**  Copies of all documents in your possession, custody and/or control relating in any way to the collision in question.

**RESPONSE:**

**REQUEST NO. 30:**  Copies of all documents sent by you to any person or entity (other than your attorney(s), regarding the collision in question and/or describing the collision in question.

**RESPONSE:**

**REQUEST NO. 31:**  A copy of every document related to any investigation done by or on behalf of TRANSPORTES JYR A&M INTERNACIONAL of the scene of the collision in question.

**RESPONSE:**

**REQUEST NO. 32:**  All documents that set forth any facts leading up to the collision in question.

**RESPONSE:**

**REQUEST NO. 33:**  All documents that explain what caused the collision in question.

**RESPONSE:**

**REQUEST NO. 34:**  All documents assessing preventability of and/or fault for the collision in question.

**RESPONSE:**

**REQUEST NO. 35:**  Copies of all photographs, video, computer simulations, and any other documents depicting:

  a.  Any vehicle involved in the collision in question;
  b.  Any person involved in the collision in question;
  c.  The scene of the collision in question; and/or
  d.  Any evidence (roadway markings or other) relevant to the collision in question.

**RESPONSE:**

**REQUEST NO. 36:**  Copies of all reports relating to the subject incident in your possession custody and/or control.

**RESPONSE:**

**REQUEST NO. 37:**  A copy of all correspondence and other communications (including e-mail) that you have had with any person other than your lawyer involving the collision in question.

**RESPONSE:**

**REQUEST NO. 38:**  All tapes and transcripts of conversations, interviews, statements, etc. of any witness, party or any other entity whatsoever regarding any aspect of the collision in question, the injuries or damages resulting therefrom, or this lawsuit.

**RESPONSE:**

**REQUEST NO. 39:**  Copies of all documents sent to or received from any governmental agency regarding the collision in question and/or your operation of a commercial motor vehicle within the past three years.

**RESPONSE:**

**REQUEST NO. 40:**  Copies of all handbooks and manuals provided to you by TRANSPORTES JYR A&M INTERNACIONAL at any time.

**RESPONSE:**

**REQUEST NO. 41:**  Copies of all policies, procedures, rules, guidelines, directives, and instructions ever given to you by TRANSPORTES JYR A&M INTERNACIONAL.

**RESPONSE:**

**REQUEST NO. 42:**  With respect to each expert witness who may provide testimony at the trial of this case, provide:

      a.  A copy of all documents (as that term is defined above) and items of any kind produced **to** said expert;

      b.  A copy of all documents (as that term is defined above) and items of any kind generated or produced **by** said expert;

      c.  A copy of the entire file of said expert;

      d.  A current résumé or curriculum vitae for said expert; and

      e.  All billing records and work logs for said expert.

**RESPONSE:**

**REQUEST NO. 43:**  A copy of any and all documents and other materials which support any contention that the collision in question was the fault of anyone other than you.

**RESPONSE:**

**REQUEST NO. 44:**  Copies of all diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case not previously supplied.

**RESPONSE:**

**REQUEST NO. 45:**  Produce any document or thing that you contend is evidence, proof, or support of your claims on any issue of negligence or causation as to the collision in question, including but not limited to admissions of fault, engineering analysis, scientific tests, and official or unofficial reports.

**RESPONSE:**

**REQUEST NO. 46:**  Produce any document or thing that you contend evidences or supports your denial of any of Plaintiff's Requests for Admissions.

**RESPONSE:**

**REQUEST NO. 47:**  If any surveillance has been undertaken by or on behalf of you, produce a copy of all reports, photographs, video and anything else generated through that investigation.

**RESPONSE:**

**REQUEST NO. 48:** Please provide copies of any and all documents from any and all claims and/or lawsuits filed against you which arise from this incident involving any and all of the parties involved in this lawsuit. This should include any and all pleadings, discovery, requests, answers and depositions.

**RESPONSE:**

**REQUEST NO. 49:** A copy of the front and back of any and all driver's licenses, identification cards, Resident cards and/ or passports which you had at the time of this incident.

**RESPONSE:**

## REQUEST FOR PRIVILEGE LOG TO BE ANSWERED
## WITHIN 30 DAYS OF SERVICE

Privilege Log: If you are withholding documents based upon the assertion of a privilege, please produce a privilege log in accordance with Rule 193.3 (b), detailing with reasonable particularity a description of the documents withheld, the number of documents, and the privilege which you claim properly precludes the information from being discovered. Specifically do the following:

    (a)   Detail the privilege asserted;
    (b)   The title of the document(s) upon which the privilege is asserted;
    (c)   The General substance of the document(s) upon which you claim there is a privilege;
    (d)   Identify the location and custodian of the document(s)
    (e)   Brief Description why, in your view, the privilege shields the document from discovery; and
    (f)   Bates stamp the documents upon which you claim there is a privilege for in camera inspection at a later hearing.

El Paso County - 243rd District Court

Filed 5/24/2017 2:01:56 PM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV1766

# ORTEGA McGLASHAN HICKS & PEREZ, P.L.L.C.

Attorneys and Counselors at Law

609 Myrtle Avenue, Suite 100, El Paso Texas 79901

Tel. 915.542.1883 * Facsimile 915.542.3500

Randolph J. Ortega
*Licensed in Texas and Kansas*
William B. McGlashan
*Licensed in Texas and New Mexico*

Bill D. Hicks
Gabriel S. Perez
*Licensed in Texas and New Mexico*

## VIA ELECTRONIC FILING

May 24, 2017

Norma L. Favela.
District Clerk
El Paso County Courthouse
500 E. San Antonio, Room 103
El Paso, Texas 79901

Re:  Venacio Santillan Gonzalez, Plaintiff Vs. Hector Renteria and Transportes JYR A&M
Internacional

Ms. Favela,

I am requesting a citation be issued for the following Defendants:

Hector Renteria
At Transportes JYR A&M Internacional
619 NTE,
CD Juarez, CH 32000

Transportes JYR A&M Internacional
619 NTE,
CD Juarez, CH 32000

Plaintiff's Original Petition,  Plaintiff's First Set of Production, Interrogatories, and

Admissions to Defendant Hector Renteria and Defendant Transportes JYR A&M Internacional  will

be served for this citation.

Thank you and should you have any questions you can reach me at 915-542-1883.

# ORTEGA McGLASHAN HICKS & PEREZ, P.L.L.C.

Attorneys and Counselors at Law
609 Myrtle Avenue, Suite 100, El Paso Texas 79901
Tel. 915.542.1883 * Facsimile 915.542.3500

Randolph J. Ortega
*Licensed in Texas and Kansas*
William B. McGlashan
*Licensed in Texas and New Mexico*

Bill D. Hicks
Gabriel S. Perez
*Licensed in Texas and New Mexico*

Yours Truly,

Bertha Feldbusch for
Victor J. Bieganowski

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

**TO:   HECTOR RENTERIA, who may be served with process by serving the SECRETARY OF STATE, at P.O. BOX 12079, AUSTIN, TEXAS, who shall then forward a copy of this petition upon Defendant, TRANSPORTES JYR A&M INTERNACIONAL, MANUEL CARDONA, at 619 NTE, CD JUAREZ, CH 32000**

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition, Plaintiff's First Set of Production, Interrogatories and Admissions to Defendant Hector Renteria, and Notice of Intention to Take Deposition at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 243rd Judicial District Court, El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on the 24th day of May, 2017 by Attorney at Law, VICTOR J. BIEGANOWSKI, 609 MYRTLE AVENUE, SUITE 100, EL PASO, TX 79901 in this case numbered **2017DCV1766** on the docket of said court, and styled:

**VENACIO SANTILLAN GONZALEZ**
**VS**
**HECTOR RENTERIA AND TRANSPORTES JYR A&M INTERNACIONAL**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition, Plaintiff's First Set of Production, Interrogatories and Admissions to Defendant Hector Renteria, and Notice of Intention to Take Deposition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on the 5th day of June, 2017.

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest:   NORMA FAVELA BARCELEAU   District Clerk
El Paso County, Texas

By: _Veronica P Cables_ , Deputy
Veronica Cables

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued.  You may employ an attorney.  If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:   **TRANSPORTES JYR A&M INTERNACIONAL, who may be served with process by serving the SECRETARY OF STATE, at P.O. BOX 12079, AUSTIN, TEXAS, who shall then forward a copy of this petition upon Defendant, TRANSPORTES JYR A&M INTERNACIONAL, MANUEL CARDONA at 619 NTE, CD JUAREZ, CH  32000**

Greetings:
        You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition,

Plaintiff's First Set of Requests for Production, Interrogatories and Admissions to Defendant Transportes

JYR A&M Internacional at or before ten o'clock A.M. of the Monday next after the expiration of twenty

days after the date of service of this citation before the Honorable **243rd Judicial District Court**, El Paso

County, Texas, at the Court House of said County in El Paso, Texas.

        Said Plaintiff's Petition was filed in said court on the 24th day of May, 2017 by Attorney at Law,

VICTOR J. BIEGANOWSKI, 609 MYRTLE AVENUE, SUITE 100, EL PASO, TX 79901 in this case

numbered **2017DCV1766** on the docket of said court, and styled:

**VENACIO SANTILLAN GONZALEZ**
**VS**
**HECTOR RENTERIA AND TRANSPORTES JYR A&M INTERNACIONAL**

        The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition, Plaintiff's First Set of Requests for Production, Interrogatories and Admissions to Defendant Transportes JYR A&M Internacional accompanying this citation and made a part hereof.

        The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

        Issued and given under my hand and seal of said Court at El Paso, Texas, on the 5th day of June, 2017.

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest:   NORMA FAVELA BARCELEAU   ,District Clerk
                     El Paso County, Texas

By: _____ , Deputy
                     Veronica Cables

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the

        date of delivery endorsed thereon and with a copy of the petition attached thereto."

El Paso County - 243rd District Court

Filed 5/25/2017 10:24:02 AM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV1766

| | |
|---|---|
| **VENACIO SANTILLAN GONZALEZ**<br>**Plaintiff,**<br><br>**V.**<br><br>**HECTOR RENTERIA and**<br>**TRANSPORTES JYR A&M**<br>**INTERNACIONAL**<br><br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**CAUSE NO. 2017_____**

## NOTICE OF INTENTION TO TAKE DEPOSITION

TO:   HECTOR RENTERIA

     Pursuant to the Texas Rules of Civil Procedure, you are notified of our intention to take the oral deposition of the following witness which will begin at the designated time and continue thereafter until completed.

WITNESS:   DEFENDANT
               HECTOR RENTERIA
               Manuel Cardona 619 NTE, Ciudad Juarez, CH 3200

DATE: May 30, 2017

TIME: 9:00 O' Clock A.M.

A SUBPOENA IS REQUESTED _____ YES __X__ NO

LOCATION:   Associated Court Reporters
                Court Reporters
                Wells Fargo Plaza, 221 N Kansas St, El Paso, TX 79901

Such deposition, when taken, will be used as evidence at the trial of the above styled cause.

Respectfully submitted,

Victor Bieganowski, P.C.
Attorneys for Plaintiff
609 Myrtle Avenue, Suite 100
El Paso, Texas 79901
(915) 542-1883
(915) 542-3500 (Facsimile)

VICTOR J. BIEGANOWSKI
State Bar No. 02301100

RANDOLPH J. ORTEGA
Attorneys for Plaintiff
State Bar No. 00795570
609 Myrtle Avenue, Suite 100
El Paso, Texas  79901
(915) 542-1883
(915) 542-3500 (Facsimile)
randyortega@ellisandortega.com

## CERTIFICATE OF SERVICE

I hereby certify that on this _19th_ day of _may_, 2017 a true and correct copy of the foregoing was filed electronically which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Service Contacts List:

HECTOR RENTERIA
Manuel Cardona 619 NTE, Ciudad Juarez, CH 3200

TRANSPORTES JYR A&M INTERNACIONAL
Manuel Cardona 619 NTE, Ciudad Juarez, CH 3200

VICTOR J. BIEGANOWSKI

cc:      Client/medicals/discovery

El Paso County - 243rd District Court

Filed 5/25/2017 10:24:02 AM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV1766

# ORTEGA McGLASHAN HICKS & PEREZ, P.L.L.C.

Attorneys and Counselors at Law

609 Myrtle Avenue, Suite 100, El Paso Texas 79901

Tel. 915.542.1883 * Facsimile 915.542.3500

Randolph J. Ortega
*Licensed in Texas and Kansas*
William B. McGlashan
*Licensed in Texas and New Mexico*

Bill D. Hicks
Gabriel S. Perez
*Licensed in Texas and New Mexico*

---

## VIA ELECTRONIC FILING

May 25, 2017

Norma L. Favela.
District Clerk
El Paso County Courthouse
500 E. San Antonio, Room 103
El Paso, Texas 79901

Re:   Venacio Santillan Gonzalez, Plaintiff Vs. Hector Renteria and Transportes JYR A&M
       Internacional

Ms. Favela,

I am requesting a citation be issued for the following Defendants:

Hector Renteria
At Transportes JYR A&M Internacional
619 NTE,
CD Juarez, CH 32000

Transportes JYR A&M Internacional
619 NTE,
CD Juarez, CH 32000

Notice of Deposition of Hector Renteria be served for this citation.

Thank you and should you have any questions you can reach me at 915-542-1883.

# ORTEGA McGLASHAN HICKS & PEREZ, P.L.L.C.

Attorneys and Counselors at Law

609 Myrtle Avenue, Suite 100, El Paso Texas 79901

Tel. 915.542.1883 * Facsimile 915.542.3500

Randolph J. Ortega
*Licensed in Texas and Kansas*

William B. McGlashan
*Licensed in Texas and New Mexico*

Bill D. Hicks

Gabriel S. Perez
*Licensed in Texas and New Mexico*

Yours Truly,

/s/
Bertha Feldbusch for
Victor J. Bieganowski

El Paso County - 243rd District Court

Filed 5/30/2017 3:42:09 PM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV1766

## IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS
### 243rd JUDICIAL DISTRICT

VENACIO SANTILLAN GONZALEZ

    vs                                  Cause No. 2017DCV1766

HECTOR RENTERIA

### ORDER SETTING HEARING

The above reference case is **SET** as follows:

| Date | Time | Description |
|------|------|-------------|
| 08/03/2017 | 9:00 AM | Status Hearing |

Dear Counsel:

The Court requires that counsel appear in person or that arrangements be made for local counsel to appear.

If the above reference case has already been settled, tried or dismissed, please notify the Court Coordinator (Lynda Smigiel: 915/546-2168) upon receipt of this order.

**Signed on this the 30th day of May, 2017.**

LUIS AGUILAR, Judge

***IF YOU KNOW OF AN ATTORNEY INVOLVED IN THIS CASE AND NOT LISTED, PLEASE PROVIDE HIM/HER WITH A COPY OF THIS SETTING.***

*Fax:*
VICTOR J BIEGANOWSKI               915-542-3500

El Paso County - 243rd District Court

Filed 8/7/2017 10:05 AM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV1766

## IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS
### 243rd JUDICIAL DISTRICT

VENACIO SANTILLAN GONZALEZ

vs                                                    Cause No. 2017DCV1766

HECTOR RENTERIA

### ORDER SETTING HEARING

The above reference case is **SET** as follows:

| Date | Time | Description |
|------|------|-------------|
| 09/07/2017 | 9:00 AM | Status Hearing |

Dear Counsel:

The Court requires that counsel appear in person or that arrangements be made for local counsel to appear.

If the above reference case has already been settled, tried or dismissed, please notify the Court Coordinator (Lynda Smigiel: 915/546-2168) upon receipt of this order.

**Signed on this the 7th day of August, 2017.**

LUIS AGUILAR, Judge

***IF YOU KNOW OF AN ATTORNEY INVOLVED IN THIS CASE AND NOT LISTED, PLEASE PROVIDE HIM/HER WITH A COPY OF THIS SETTING.***

*Fax:*
VICTOR J BIEGANOWSKI                915-542-3500

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

**TO:  HECTOR RENTERIA, who may be served with process by serving the SECRETARY OF STATE, at P.O. BOX 12079, AUSTIN, TEXAS, who shall then forward a copy of this petition upon Defendant, TRANSPORTES JYR A&M INTERNACIONAL, MANUEL CARDONA, at 619 NTE, CD JUAREZ, CH 32000**

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition, Plaintiff's First Set of Production, Interrogatories and Admissions to Defendant Hector Renteria, and Notice of Intention to Take Deposition at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 243rd **Judicial District Court**, El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on the 24th day of May, 2017 by Attorney at Law, VICTOR J. BIEGANOWSKI, 609 MYRTLE AVENUE, SUITE 100, EL PASO, TX 79901 in this case numbered **2017DCV1766** on the docket of said court, and styled:

**VENACIO SANTILLAN GONZALEZ**

**VS**

**HECTOR RENTERIA AND TRANSPORTES JYR A&M INTERNACIONAL**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition, Plaintiff's First Set of Production, Interrogatories and Admissions to Defendant Hector Renteria, and Notice of Intention to Take Deposition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on the 5th day of June, 2017.

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest   **NORMA FAVELA BARCELEAU**   District Clerk
El Paso County, Texas

By: _____, Deputy
Veronica Cables

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

## RETURN

Came on hand on _____ day of _____, 20____, at _____ o'clock
____M., and executed in _____ County, Texas, by delivering to
each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon
the date of delivery, together with the accompanying true and correct copy of the Plaintiff's Original
Petition, Plaintiff's First Set of Production, Interrogatories and Admissions to Defendant Hector Renteria,
and Notice of Intention to Take Deposition, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance From Court House |
|---|---|---|---|---|---|---|---|
| | MONTH | DAY | YEAR | Hour | Min. | M. | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, _____

_____

the diligence used in finding said defendant, being _____

and the cause of failure to execute this process is: _____

and the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING ____ cop ____ $ _____   _____ Sheriff

                                              _____   _____ County, Texas

Total _____ $ _____   By _____, Deputy

## CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _____

_____ on the _____ day of _____,

20_____, at _____o'clock ____m. this copy of this instrument.

                                              _____, Sheriff/Agent

                                              _____County, Texas

                                              By _____, Deputy/Agent

SUBSCRIBED AND SWORN TO BEFORE ME ON THE _____ DAY OF _____, 20____.

        (SEAL)

                                              _____

                                              **NOTARY PUBLIC, STATE OF TEXAS**

CAUSE NUMBER: _2017 DCV 1766_

☐ SHERIFF   ☐ E-FILE

AGENT/INDIVIDUAL: _Bobby Cooper_   ATTY: _____

☐ CAPIAS

☒ CITATION PERSONAL SERVICE  X 2

☐ CITATION BY MAIL: ☐ Regular ☐ Certified

☐ CITATION NON-RESIDENT

☐ CITATION BY ☐ PUBLICATION ☐ POSTING

NTC TO SHOW CAUSE

PROTECTIVE ORDER

SUBPOENA(S)

TRO

OTHER:

Rec'd [Clock Stamp]

☐ PAUPER'S OATH   ☐ **RUSH**   APPROVED BY: _____

CLERK ISSUING SERVICE: _____   DATE COMPLETED: _6/5/17_

RECEIVED BY: _____   DATE RECEIVED: _6/2/17_

Attn:  The District Clerk's Office is not responsible for any errors after the request is received by the requesting individual;
       Please review your request for accuracy

FILED

2017 JUN -7  PM 12: 37

EL PASO COUNTY TEXAS

BY____

**RETURN**

Came on hand on ___24___ day of ___May___, 20_17_, at _1200_ o'clock

P M., and executed in ___El Paso___ County, Texas, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the Plaintiff's Original Petition, Plaintiff's First Set of Production, Interrogatories and Admissions to Defendant Hector Renteria, and Notice of Intention to Take Deposition, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance From Court House |
|---|---|---|---|---|---|---|---|
| | MONTH | DAY | YEAR | Hour | Min. | M. | |
| | | | | | | | |

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Hector Renteria
Secretary of State
PO Box 12079
Austin, TX 78711

9590 9402 1545 5362 0045 08

2. Art

7016 0750 0000 1528 1164

PS Form 3811, July 2015 PSN 7530-02-000-9053

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X ☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
SPD/CPA    JUN 19 2017

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ___ Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

being _____, Sheriff
_____ County, Texas
_____, Deputy

I do hereby certify that I delivered to _Secretary of State Texas via_
_registered & certified mail_ on the _____ day of _____

20_____, at _____ o'clock ___ m. this copy of this instrument.

_____, Sheriff/Agent
_El Paso_ County, Texas
By _Javier Varela_, Deputy/Agent

SUBSCRIBED AND SWORN TO BEFORE ME ON THE _30_ DAY OF _June_, 20_17_

**(SEAL)**

GENEVIE R. SUBLASKY
My Notary ID # 131057728
Expires March 24, 2021

NOTARY PUBLIC, STATE OF TEXAS

FILED
2017 JUN 30 PM 2: 25
NORMA FAVELA BARCELEAU
DISTRICT CLERK
EL PASO COUNTY, TEXAS
BY _____ DEPUTY