## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **VENACIO SANTILLAN GONZALEZ,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:17-cv-00270-PRM** |
| | § | |
| **HECTOR HUGO RENTERIA** | § | |
| **ARAMBULO and TRANSPORTES** | § | |
| **JYR A&M INTERNACIONAL,** | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

COMES NOW VENACIO SANTILLAN GONZALEZ, Individually (hereinafter referred to as "Plaintiff"), complaining of HECTOR HUGO RENTERIA ARAMBULO  (hereinafter referred to as "Hector Arambulo") and TRANSPORTES JYR A&M INTERNACIONAL (hereinafter referred to as "Transportes Internacional"), and files this Original Petition, and would show the Honorable Court and/or Jury as follows:

### I. PARTIES

1.      Plaintiff VENACIO GONZALEZ is a resident of El Paso County, Texas and the last four numbers of his driver's license are 4800.

2.      Defendant HECTOR ARAMBULO is a resident of Juarez, Mexico, doing business in the State of Texas by contracting by mail or otherwise with a Texas resident. Whereby either party is to perform the contract in whole or in part in this State, by committing a tort in whole or in part in the State of Texas or by recruiting Texas residence, directly or through an intermediary located in the State of Texas, for employment inside or outside this state. Defendant is not required

1

to designate an agent for service of process in The State of Texas, therefore, the Secretary of State is the agent for service of process on such non resident. Service of process may be had in accordance with the Texas Long Arm Statute by serving the Secretary of State, Austin, Texas, who shall then forward a copy of this petition upon Defendant, TRANSPORTES INTERNACIONAL, Manuel Cardona 619 NTE, CD Juarez, CH 32000 and/or where ever he may be found.

3.     Defendant, TRANSPORTES INTERNACIONAL, is doing business in the State of Texas by contracting by mail or otherwise with a Texas resident and either party is to perform the contract in whole or in part in this state, by committing a tort in whole or in part in the State of Texas or by recruiting Texas residence, directly or through an intermediary located in the State of Texas, for employment inside or outside this state. Defendant is not required to designate an agent for service of process in The State of Texas, therefore, the Secretary of State is the agent for service of process on such non resident. Service of process may be had in accordance with the Texas Long Arm Statute by serving the Secretary of State, Austin, Texas, who shall then forward a copy of this petition upon Defendant, TRANSPORTES INTERNACIONAL, Manuel Cardona 619 NTE , CD Juarez, CH 32000 and/or where ever they may be found.

## II. JURISDICTION AND VENUE

4.     Venue is proper in this district pursuant to 28 U.S.C § 1402(b) because the events forming the basis of this complaint took place within the El Paso Division of the Western District of Texas, specifically El Paso County, Texas.

## III. BACKGROUND FACTS

5.     The injuries and damages suffered by Plaintiff and made the basis of this action arose out of an occurrence on or about September 13, 2016 in El Paso County, Texas.

2

6.      On information and belief, at such time and place, Defendant Hector Hugo Renteria Arambulo (hereinafter "Hector Arambulo"), acting in the course and scope of his employment with Defendant Transportes Internacional, was driving a vehicle East Bound on Interstate-10 in El Paso County, Texas.

7.      Plaintiff was traveling ahead of Defendant Hector Arambulo on Interstate-10 when suddenly and without warning Defendant Arambulo failed to control his speed and struck the back of Plaintiff's vehicle, causing serious personal injuries and substantial property damage.

8.      Plaintiff was driving a Black 2016 Chevrolet C1500 vehicle.

9.      As a direct and proximate result of Defendant Arambulo's negligence, the vehicle driven by Defendant Arambulo struck Plaintiff's vehicle, causing substantial property damage and serious harm to Plaintiff's person.

10.      At the time and place of the above described collision, Defendant Arambulo negligently operated or maintained the motor vehicle owned by the Defendant Transportes Internacional, causing the collision with Plaintiff's vehicle and proximately causing Plaintiff to suffer damages.

## IV. COUNT ONE:
## NEGLIGENCE OF TRANSPORTES INTERNACIONAL (*RESPONDEAT SUPERIOR*)

11.      Plaintiff realleges the foregoing paragraphs.

12.      Plaintiff hereby asserts the theory of *respondeat superior* of Defendant Transportes Internacional and its liability for the negligent and reckless conduct of Defendant Arambulo and/or other federal employees acting within the course and scope of his employment.

13.      Said collision and Plaintiff's damages described above were proximately caused by Defendant Transportes Internacional's employee's violation of the laws of the State of Texas and

of the United States of America, constituting negligence per se.

14.     Defendant Transportes Internacional and Defendant Arambulo owed a duty of reasonable degree of care to Plaintiff.  Plaintiff's damages were proximately caused by the negligence of Defendant Arambulo acting within the course and scope of his employment with Defendant Transportes Internacional and, arising from one or more of the following alternative theories of negligence:

  a. Failing to qualify its drivers as required by the Federal Motor Carrier Safety Act;
  b. That on September 13, 2016, Defendant, Transportes Internacional was negligent by entrusting the control and operation of its commercial motor vehicle, which was under its control, to Defendant, Hector Arambulo;
  c. Allowing Defendant, Hector Arambulo to operate its vehicle on the public streets of El Paso County, Texas, and in particular at the location referred to above, when it knew or should have known that Defendant, Hector Arambulo was unfit and unskilled to operate the vehicle.
  d. Failing to properly train, supervise and educate its drivers;
  e. Failing to properly screen its applicants for driver certification;
  f. Failing to comply with the U.S. Department of Transportation rules and regulations for commercial drivers in permitting Defendant, Hector Arambulo to drive;
  g. Failing to establish and enforce reasonable rules and regulations for qualifying persons to operate its commercial vehicles;
  h. Failure to adequately communicate orders, instructions and directions;
  i. Failure to qualify its drivers in accordance with the Federal Motors Carriers Safety Act;
  j. Other acts of negligence that may be established through discovery in the case.

15.     Each of which acts or omissions was other than what a reasonable and prudent person would have been doing under the same or similar circumstances. Each of which acts or omissions was a proximate cause of Plaintiff's injuries and damages.

16.     As a result of said negligence described above that proximately caused Plaintiff's damages, Defendant Transportes Internacional and Defendant Arambulo are liable to Plaintiff.

4

## V. COUNT TWO:
## NEGLIGENCE OF DRIVER ARAMBULO
## ALTERNATIVE LIABILITY UNDER TEXAS LAW

17.    Plaintiff realleges the foregoing paragraphs.

18.    Plaintiff further alleges that Defendant Arambulo owed a reasonable degree of care to Plaintiff and that the incident and Plaintiff's damages were proximately caused by the negligence of Defendant Hector Arambulo arising from one or more of the following alternative theories of negligence:

   a. Failure to maintain a safe distance between two vehicles in violation of Tex. Transp. Code Ann §545.062(a).
   b. Driving reckless in violation of Tex. Transp. Code Ann. §545.401.
   c. Failure to use due care in operating a motor vehicle.
   d. Failure to keep a proper lookout in violation of Tex. Transp. Code Ann §545.351.
   e. Failure to safely apply brakes to avoid an incident.
   f. Failure to turn to the left or right to avoid a collision.
   g. Failure to honk and give adequate warning of the impending danger.
   h. Failure to warn of his approach.
   i. Failure to pay attention.
   j. Failure to take proper evasive action.
   k. Failure to use due care and caution under the circumstances then existing.
   l. Failure to use due care in operating a motor vehicle. (Transportation Code §545.351).
   m. Other acts of negligence that may be established through discovery in this case.

Each of which acts or omissions was other than what a reasonable and prudent person would have been doing under the same or similar circumstances.   Each of which acts or omissions was a proximate cause of Plaintiff's injuries and damages.

## VI. DAMAGES OF PLAINTIFF

19.    Plaintiff realleges the foregoing paragraphs.

20.    As a direct result of the occurrence, Plaintiff has suffered severe bodily injuries.

21.    As a further result of the occurrence, Plaintiff has incurred expenses for medical care, attention and other expenses. These expenses incurred were necessary for the care and

5

treatment of the injuries sustained by Plaintiff and the charges made and to be made were the usual and customary charges for such services. Plaintiff will require further medical care and attention and will necessarily incur reasonable expenses in the future for such medical needs.

22.    As a further result of the occurrence, Plaintiff has lost income in the past and has incurred loss of future wage earning capacity.

23.    As a further result of the occurrence, Plaintiff has suffered pain and suffering in the past and will continue to suffer pain and suffering in the future, and has suffered severe mental anguish in the past and will continue to suffer severe mental anguish in the future.

24.    As a further result of the occurrence, Plaintiff has suffered from physical impairment, loss of enjoyment of life, and disfigurement in the past, and will continue to suffer from physical impairment, loss of enjoyment of life, and disfigurement in the future.

## VII. PROPERTY DAMAGE

25.    Plaintiff realleges the foregoing paragraphs.

26.    As a result of the occurrence, Plaintiff would show that as a direct and proximate result of Defendant's negligence, Plaintiff's vehicle, a 2016 Chevrolet C1500 was severely damaged.   Plaintiff seeks compensation for his property damage.

## VIII. PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendants be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendants for all relief requested, for costs, for pre-judgment and post judgment interest to the full extent as allowed by law, and for such other and further relief, general and special, at law or in equity, to which Plaintiff may show themselves to be justly entitled.

6

Respectfully submitted,

**VICTOR J. BIEGANOWSKI, P.C.**
609 Myrtle Ave., Suite 100
El Paso, Texas 79901
T: 915-542-1883
F: 915-542-3500
victorbieganowski@omhplaw.com

By: _____
**VICTOR J. BIEGANOWSKI**
State Bar No. 02301100


**RANDOLPH J. ORTEGA**
State Bar No. 00795570
**ORTEGA, MCGLASHAN, HICKS & PEREZ**
609 Myrtle Avenue, Suite 100
El Paso, Texas   79901
(915) 542-1883
(915) 542-3500 (Facsimile)
randyortega@ellisandortega.com
*Attorneys for Plaintiff Venacio Gonzalez*

## CERTIFICATE OF SERVICE

I, **Victor J. Bieganowski**, hereby certify that on this   29th   day of   September  , 2017, a true and correct copy of the foregoing document was forwarded to:

Darryl S. Vereen
**MOUNCE, GREEN, MYERS**
**SAFI, PAXSON & GALATZAN, P.C.**
P.O. Drawer 1977
El Paso, Texas 79950
Phone: (915) 532-2000
Fax: (915) 541-1597
vereen@mgmsg.com
*Attorney for Defendants*

**VICTOR J. BIEGANOWSKI**

7